CHIEF JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAREN ROSE DACUMOS,

                  Plaintiff,

    v.

TOYOTA MOTOR CREDIT
CORPORATION, et al.,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

No. 2:17-cv-00964-RSM

**DEFENDANT TOYOTA MOTOR
CREDIT CORPORATION'S REPLY IN
SUPPORT OF MOTION FOR
JUDGMENT ON THE PLEADINGS**

<u>Noted for consideration</u>:
December 1, 2017

DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S REPLY
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 1
NO. 2:17-CV-00964-RSM

014653.0011/7144637.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1

## I. **INTRODUCTION**

2   Plaintiff Caren Rose Dacumos' ("Plaintiff") Opposition to Defendant Toyota Motor

3   Credit Corporation's ("TMCC") Motion for Judgment on the Pleadings ("Motion") confirms

4   that Plaintiff has no viable claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§

5   1681 et seq., because she fails to make the threshold showing that TMCC's reporting of her

6   debt was inaccurate.  In the Opposition, Plaintiff contends TMCC's reporting was inaccurate

7   under two theories: (1) TMCC reported her deficient auto loan balance even though it was

8   purportedly extinguished by TMCC's dismissal with prejudice of an action to collect the debt

9   ("Collection Action"), and (2) TMCC breached its obligation under a settlement agreement to

10  no longer report the debt.  Preliminarily, because Plaintiff does not plead the second theory of

11  relief in her Complaint, her suggestion that TMCC should have responded to this meritless

12  argument in its *pleadings* challenge is baseless.  More importantly, both theories fail as a

13  matter of law, as they do not show that TMCC's reporting is inaccurate.

14  First, the case law overwhelmingly demonstrates that while the dismissal of a

15  collection action may bar a further collection lawsuit under the doctrine of *res judicata* (claim

16  preclusion), it does not extinguish the debt or otherwise collaterally estop a creditor from

17  arguing the debt is valid under the doctrine of issue preclusion.  This is because a dismissal,

18  while it might constitute an adjudication on the merits, does not mean the issue of the debt's

19  validity was actually litigated and necessary to the judgment, which are requirements for issue

20  preclusion.  Here, there was no litigation or findings whatsoever as to the validity or amount

21  of Plaintiff's debt, as is evident from the filings and docket activity in the Collection Action,

22  which are incorporated by reference/reliance in the Complaint.  Indeed, Plaintiff filed nothing

23  in the Collection Action, she did not enter her appearance, and TMCC's dismissal was

24  voluntary.

25  Second, Plaintiff's theory alleging breach of settlement agreement fails based on a

26  plain reading of the contract.  Contrary to Plaintiff's misrepresentations, TMCC did not

27  "release" Plaintiff from the debt obligation, as the Mutual Release provision in the agreement

DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S REPLY
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 2
NO. 2:17-CV-00964-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

014653.0011/7144637.2

applies only to the defined "Parties" and signatories, namely, Plaintiff and TMCC's collection counsel. Indeed, TMCC is mentioned in only one provision of the agreement, which states that TMCC will pursue no more collection activity or collection lawsuits against Plaintiff. TMCC did not agree to discharge Plaintiff's debt, which the Parties explicitly confirmed during settlement negotiations. In accordance with the settlement agreement, TMCC ceased all collection activity and continued to accurately report the loan balance as reflected in TMCC's records.

In sum, Plaintiff fails to demonstrate that TMCC furnished inaccurate information regarding her Account. Because Plaintiff's FCRA claims are premised entirely on erroneous legal theories, the Complaint should be dismissed without leave to amend.

## II.  LEGAL ARGUMENT

**A.  Toyota's Voluntary Dismissal Of The Collection Action Against Plaintiff Did Not Extinguish Her Debt.**

Plaintiff fails to make the threshold showing under the FCRA that an inaccuracy existed in her credit report. *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Plaintiff's first theory, based on the contention that the dismissal extinguished Plaintiff's loan balance, is clearly wrong, as demonstrated in TMCC's Motion and confirmed by the absence of legal support in Plaintiff's Opposition.

A dismissal with prejudice of a collection action, though it may deprive a creditor of a judicial mechanism for recovering the loan, does not erase the underlying indebtedness. *See Dawe v. Capital One Bank*, 456 F. Supp. 2d 236, 242 (D. Mass. 2006). This is exactly what the Court held in *Dawe*, and Plaintiff offers no reason to divert from this principle. As explained in TMCC's Motion, this view is also in accord with analogous cases that hold a lack of a judicial remedy for collection does not bar creditors from reporting a debt or continuing non-judicial collection efforts. *See* Mot., Doc. 26., p. 8. Accordingly, Plaintiff fails to allege an inaccuracy in TMCC's reporting, as her allegations are based on the faulty

DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S REPLY
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 3
NO. 2:17-CV-00964-RSM

014653.0011/7144637.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1   theory that TMCC's voluntary dismissal of the Collection Action extinguished Plaintiff's debt

2   or somehow altered its charged off status.

3   In response, Plaintiff relies on the conclusory assertion that *Dawe* is an "outlier" and

4   "[t]he legal result in *Dawe* directly contradicts Washington law."  Opp., p. 10:7-12.  However,

5   Plaintiff fails to cite a single case that conflicts with *Dawe*, either from Washington or

6   elsewhere.  Rather, Plaintiff attempts to distinguish *Dawe* by noting that under Washington

7   law, a dismissal with prejudice "functions as a decision on the merits as to all claims."  Opp.,

8   p. 10:12-19.   Plaintiff's implication that the dismissal in *Dawe* did not constitute an

9   adjudication on the merits is a plain misrepresentation of the law.  As the Court clearly noted

10  in *Dawe*: "under Massachusetts law, the involuntary dismissal of an action constitutes an

11  'adjudication on the merits.'"  *Dawe v. Capital One Bank*, 456 F. Supp. 2d 236, 240 (D.

12  Mass. 2006) (*citing* Mass. Gen. Laws ch. 41(b)(3)).  As discussed below, the fact that the

13  dismissal constitutes an adjudication on the merits has no relevance here.  Rather, the *Dawe*

14  court rejected the exact theory Plaintiff advances, and Plaintiff gives this Court no reason to

15  reach a different result.

16  **B.    The Opposition Confirms That Plaintiff's FCRA Claim Is Based On An Erroneous Application Of *Res Judicata* And Collateral Estoppel.**

17  As TMCC anticipated in its Motion, Plaintiff's FCRA claim relies on a faulty view of

18
19  *res judicata* (claim preclusion) and collateral estoppel (issue preclusion).  Plaintiff states in

20  her Opposition that "TMCC is … estopped from engaging in non-judicial collection efforts,

21  such as credit reporting the balance that may have existed before the debt was resolved

22  forevermore by the dismissal."  Opp., p. 12:11-14.  Plaintiff further notes:

23          Legally, TMCC's credit reporting is inaccurate because in the State of
           Washington, dismissal of a civil action "with prejudice," even if agreed, is a
24         final judgment on the merits of the controversy. When the controversy
           involves a lender's attempt to collect an account, a dismissal with prejudice
25         resolves liability for the underlying account, and renders the balance
           uncollectible. Therefore, Washington law does not allow TMCC to collect the
26         $13,593 from Plaintiff after dismissing its lawsuit "with prejudice." TMCC
           should report a "$0.00" balance.

27  Opp., Doc. 29, p. 2:21-26.

DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S REPLY
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 4
NO. 2:17-CV-00964-RSM

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

014653.0011/7144637.2

1     The elements required for application of issue and claim preclusion are very similar

2  with one very important difference.  *Christensen v. Grant Cty. Hosp. Dist. No. 1*, 152 Wash.

3  2d 299, 306 (2004).  While both doctrines require that there be an adjudication on the merits,

4  issue preclusion, unlike claim preclusion, only applies to issues that were *actually litigated*

5  and *necessarily determined.  Shoemaker v. City of Bremerton*, 109 Wash. 2d 504, 507, 745

6  P.2d 858, 860 (1987); *Irondale Cmty. Action Neighbors v. W. Washington Growth Mgmt.*

7  *Hearings Bd.*, 163 Wash. App. 513, 526 (2011).  Plaintiff is correct that a dismissal with

8  prejudice constitutes an adjudication (or final judgment) on the merits under Washington law.

9  At most, however, this means TMCC is barred under claim preclusion from filing another

10  lawsuit to collect the balance.  TMCC has filed no post-dismissal action against Plaintiff.

11     What an adjudication on the merits does not entail is that the amount or validity of the

12  loan was resolved under the doctrine of issue preclusion (collateral estoppel).  As in *Dawe*,

13  there is no indication in the record of the Collection Action against Plaintiff "that the state

14  court actually adjudicated or made any findings with respect to the issue of the debt's

15  validity[.]"  *Dawe v. Capital One Bank*, 456 F. Supp. 2d 236, 241 (D. Mass. 2006); *See* RJN,

16  Exhs. A through U.  Collateral estoppel therefore does not apply.

17     Moreover, Plaintiff's theory, if applied, would lead to substantial confusion regarding

18  a furnisher's duty to accurately report a debt after a collection action is voluntarily dismissed.

19  Here, Plaintiff demands that TMCC report the debt as $0.00 in light of the dismissal, but this

20  demand is arbitrary.  A debtor who actually litigates a collection action could prevail (and

21  therefore obtain a dismissal) in a variety of ways leading to different reporting requirements

22  for the non-prevailing creditor.  For example, a debtor could prove that the loan was obtained

23  by an identity thief, which means the creditor would have to delete the tradeline altogether

24  (including all past reporting).  Or, the debtor could prove that she settled the account for less

25  than the full balance, which means the account would be reported as such under industry

26  standards and the tradeline would not be deleted.  In other words, actual litigation or findings

27  are necessary to determine the proper way to report a debt even if a collection action is

DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S REPLY
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 5
NO. 2:17-CV-00964-RSM

014653.0011/7144637.2

1    dismissed.  Because no such litigation occurred, the issue of Plaintiff's debt was not resolved
2    by TMCC's dismissal.

3         Plaintiff's attempts to distinguish TMCC's legal authority also fall flat.  Contrary to
4    Plaintiff's contention, *Soundbuilt* does not help Plaintiff, as the court applied *res judicata* to
5    bar a subsequent lawsuit; it did not apply collateral estoppel to bar re-litigation of an issue.
6    *Soundbuilt Northwest, LLC v. Price*, No. 40585-7-II Consolidated with 40925-9-II, 2011
7    Wash.App. LEXIS 2401 (Wash. Ct. App. Oct. 18, 2011), *petition for review denied*,
8    *Soundbuilt Northwest, LLC v. Price*, 164 Wn. App. 1019 (2011); Opp., pp. 12-13.

9         Plaintiff also attempts to distinguish *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322,
10    327 (1955) and *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002),
11    because these cases did not expressly interpret Washington law.  This is a distinction without
12    a difference, as the elements for proving collateral estoppel and *res judicata* under
13    Washington law are the same as those applied in *Lawlor* and *Amadeo*.

14         In sum, Plaintiff's FCRA claim relies on the theory that TMCC's dismissal means
15    Plaintiff owes nothing to TMCC, which is clearly wrong as a matter of law.

16    **C.**    **Plaintiff's Breach Of Settlement Agreement Theory Fails As A Matter Of Law.**

17         Plaintiff's theory that TMCC agreed to waive her loan balance also fails as a matter of
18    law.  *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712, 899 P.2d
19    6, 9 (1995) (providing that a party seeking to enforce a contract bears the burden of proving
20    breach).  Plaintiff appears to argue that TMCC discharged her debt under two provisions of
21    the settlement agreement: (1) the Mutual Release provision in Paragraph 4 and (2) Paragraph
22    2(b), which states: "[n]o further collection action shall be pursued, and no further lawsuit shall
23    be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the
24    subject of this lawsuit."  *See* Declaration of Plaintiff Caren Rose Dacumos ("Plaintiff's
25    Decl."), Exhs. A & B; Opp., p. 14:17-21.

26         First, Plaintiff's repeated assertion that TMCC was a party to the Mutual Release
27    provision is a clear misrepresentation.  The "Parties" to the settlement agreement, as that term

DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S REPLY
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 6
NO. 2:17-CV-00964-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

014653.0011/7144637.2

1  is defined, are Plaintiff and TMCC's collection counsel only, not TMCC.  Plaintiff's Decl.,

2  Exhs. A & B.  Indeed, TMCC is not even a signatory to the agreement.  *Id.* at p. 3.  Thus, the

3  Mutual Release provision does not apply to TMCC.

4  Second, the only provision of the Agreement in which TMCC is referenced provides

5  that no collection action and no subsequent lawsuit shall be brought by TMCC against

6  Plaintiff.  It does not provide that TMCC will discharge or waive Plaintiff's debt.  Had TMCC

7  agreed to do so, the attorneys representing both parties would have ensured that the

8  Agreement contained such a provision.  They did not.

9  In fact, in email correspondence during settlement negotiations between Tyler

10  Santiago, Plaintiff's counsel, Marc Rosenberg, attorney for Patenaude & Felix, and the

11  settlement Judge, Mr. Rosenberg clearly indicated Plaintiff's debt would still be reflected in

12  TMCC's records:

13  As a follow up, just to make sure there is a meeting of the minds, no collection
    activity means no active events, such as no more calls, letters, or lawsuits
14  demanding payment. Collection activities does not mean a document
    somewhere that merely reflects some type of obligation on Toyota's books.

15  *See* Exhibit A to Declaration of Zachary C. Frampton ("Frampton's Decl."), p. 2 (email from

16  Marc Rosenberg on June 20, 2016, 6:15 a.m.).  Later that morning, counsel for Plaintiff

17  responded with the following: "Thanks for the clarification.  Looks good so far on our end.  I

18  am meeting with Ms. Dacumos late this afternoon and will update you after that."  *Id.* at p. 1

19  (email from Tyler Santiago on June 20, 2016, 11:01 a.m.).

20  In sum, TMCC did not agree to discharge or waive Plaintiff's debt.  Indeed, it is very

21  telling that Plaintiff's counsel in the Collection Action is not representing Plaintiff in this

22  lawsuit.  In accordance with the FCRA, TMCC has accurately reported the debt as reflected in

23  its records.  Accordingly, Plaintiff's contention that the settlement agreement discharged

24  Plaintiff's debt, and that it should be reported as $0.00, fails as a matter of law.

25

26

27

DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S REPLY
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 7
NO. 2:17-CV-00964-RSM

014653.0011/7144637.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1

### III.  CONCLUSION

2      For the foregoing reasons, Plaintiff's FCRA claim fails as a matter of law.  Even if the

3  Court considers Plaintiff's new theory of relief, both theories fail as a matter of law and no

4  amendment could cure their deficiencies.[1]   Accordingly, the Court should grant TMCC's

5  Motion for Judgment on the Pleadings and dismiss Plaintiff's Complaint without leave to

6  amend.

7      DATED:  December 1, 2017

8                                                          LANE POWELL PC

9
                                                           By s/ Abraham K. Lorber
10                                                           John S. Devlin III, WSBA No. 23988
                                                            Email: devlinj@lanepowell.com
11                                                          Abraham K. Lorber, WSBA No. 40668
                                                            Email: lorbera@lanepowell.com
12
                                                            1420 Fifth Avenue, Suite 4200
13                                                          P.O. Box 91302
                                                            Seattle, WA  98111-9402
14                                                          Telephone: 206.223.7000
                                                            Facsimile: 206.223.7107
15
                                                           REED SMITH LLP
16
17                                                         By: s/ Zachary C. Frampton
                                                            Tuan V. Uong, Admitted *Pro Hac Vice*
18                                                          tuong@reedsmith.com
                                                            Zachary C. Frampton, Admitted *Pro Hac*
19                                                          *Vice*
                                                            zframpton@reedsmith.com
20
                                                            355 South Grand Avenue, Suite 2900
21                                                          Los Angeles, CA  90071-1514
                                                            Telephone:  +1 213 457 8000
22                                                          Facsimile: +1 213 457 8080
23
24                                                         *Attorneys for Defendant Toyota Motor Credit*
                                                            *Corporation*
25
26

---

27  [1] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (holding that leave should
     not be granted where amendment would be futile).

DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S REPLY
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 8
NO. 2:17-CV-00964-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

014653.0011/7144637.2

1

## **CERTIFICATE OF SERVICE**

2

   I hereby certify that on the date indicated below I caused the foregoing document to be

3

filed with the Clerk of the Court via the CM/ECF system.  Pursuant to their ECF agreement,

4

the Clerk will give notice of this filing to all counsel of record via email.

5

   I declare under penalty of perjury under the laws of the United States of America that

6

the foregoing is true and correct.

7

   DATED:  December 1, 2017

8

9

           *s/ Peter Elton*

10

           Peter Elton
           Legal Assistant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S REPLY
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS - 9
NO. 2:17-CV-00964-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

014653.0011/7144637.2