UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAREN ROSE DACUMOS,

    Plaintiff,

v.

TOYOTA MOTOR CREDIT CORPORATION, *et al.*,

    Defendants.

Case No. C17-0964RSM

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING LEAVE TO AMEND

## I. INTRODUCTION

This matter comes before the Court on Defendant Toyota Motor Credit Corporation's ("TMCC") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. #26. Defendant seeks dismissal of all claims against it with prejudice with respect to alleged violations of the federal Fair Credit Reporting Act ("FCRA"). Plaintiff opposes the motion. Dkt. #29. Having reviewed the record before it, and neither party having requested oral argument on the motion, the Court now GRANTS Defendant's motion, subject to amendment.

## II. BACKGROUND

Defendants removed the instant action to this Court on June 26, 2017. Dkt. #1. Plaintiff alleges violations of the FCRA and damages arising from the continued credit reporting of a charged off amount of a car loan that she co-signed. *Id.* Plaintiff names Defendant TMCC as the creditor/furnisher and Defendants Equifax Information Services LLC ("Equifax") and

ORDER
PAGE - 1

Experian Information Solutions, Inc. ("Experian") as the credit reporting agencies. Dkt. #1-1 at ¶¶ 2.2-2.9.

Plaintiff alleges the factual background to his claims as follows:

4.1  Plaintiff co-signed a vehicle loan with Defendant TOYOTA MOTOR CREDIT CORPORATION ("Toyota") for Melanthon Ibanez.

4.2  Thereafter, Mr. Ibanez defaulted on the loan.

4.3  Toyota sued Mr. Ibanez and Plaintiff in <u>Toyota Motor Credit Corporation v. Melanthon Ibanez and Carenrose Dacumos</u>, King County Superior Court Case No. 15-2-13622-4 KNT.

4.4  Ultimately, Plaintiff successfully defended Toyota's action and on June 29, 2016, obtained an Order of Dismissal With Prejudice of all of Toyota's claims against her.

4.5  This dismissal order is a matter of public record.

4.6  Defendants did not update Plaintiffs credit report to reflect that Plaintiff owes nothing to Toyota.

4.7  Toyota account number 7040********** account status was reported by Defendants as a Charge Off and that $13,593 was past due, even though Plaintiff did not owe any money to Toyota.

4.8  Plaintiff submitted multiple online disputes of this information, and Equifax and Experian notified Toyota of these disputes.

4.9  Every time, Toyota verified the false information and Equifax and Experian continued to report it.

4.10  Plaintiff submitted online disputes to Equifax on July 8, 2016, August 10, 2016, October 3, 2016 and March 10, 2017.

4.11  In Equifax's October 17, 2016 response to Plaintiffs October 3, 2016 dispute, Equifax stated that Equifax researched the Toyota account, and "the results are: we verified that this item belongs to you. Additional information has been supplied from the original source regarding this item."

4.12  The October 17, 2016 Equifax updated credit report reported Toyota as a charge off with $13,593 owed.

4.13 Plaintiff also disputed the Toyota account to Trans Union (not a party to this action).

4.14 Trans Union notified Toyota of the disputes.

4.15 After at least two online disputes through Trans Union's "Credit Karma" website, Toyota continued to report to Trans Union that Plaintiff still owed Toyota money.

4.16 On March 18, 2017, and March 21, 2017, Plaintiff tried to apply for credit at Navy Federal Credit Union, and Navy Federal Credit Union turned her down both times because of delinquent credit obligations and a derogatory public record reported by Equifax.

4.17 On April 21, 2017, Plaintiff pulled her Equifax, Experian and Trans Union credit reports and saw that Defendants were still reporting that Plaintiff owed $13,593 to Toyota.

4 .18 Plaintiff mailed dispute letters to all three Credit Reporting Agencies, attaching a copy of the Order of Dismissal With Prejudice of Toyota's claims against her.

4.19 Trans Union responded by correcting the balance to $0.

4.20 Experian, however, notified Toyota of the dispute, and the result was just the same as it had been every time previously – Toyota and Experian reported that Plaintiff owes Toyota $13,593 when this is false.

4.21 Equifax also notified Toyota of the dispute, with the same result - Toyota and Equifax reported that Plaintiff owes Toyota $13,593 when this is false.

4.22 Defendants were notified repeatedly of the inaccuracies, but repeatedly ignored the facts.

4.23 This ordeal has caused Plaintiff significant frustration, emotional distress, embarrassment, humiliation of credit denials, loss of reputation, monetary loss in the form of being denied credit, intrusion into her privacy, an unwelcome distraction in her personal life, the chilling effect on her obtaining credit, and other ongoing and harms and losses.

Dkt. #1-1 at ¶ ¶ 4.1-4.23.

Plaintiff now brings claims against Defendants for violations of the FCRA. Dkt. #1-1 at ¶ ¶ 5.1-7.7. The instant motions followed.

ORDER
PAGE - 3

## III. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The same legal standard applies to a motion for judgment on the pleadings as to a motion to dismiss for failure to state a claim. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). Thus, the Court must accept as true all material facts alleged in the pleadings and draw all reasonable inferences in favor of the nonmoving party. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Though the Court limits its review to allegations of material fact set forth in the complaint, the Court may consider materials attached to or incorporated by reference in the pleadings. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, the Court has taken judicial notice of and considers herein the documents attached to Defendant's Request for Judicial Notice. Dkt. #27, Exs. A-U. The Court agrees that judicial notice is appropriate because the documents presented are matters of public record, having been filed in the King County Superior Court, and because several of those exhibits have been incorporated by reference in the Complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Parrino v. FHP, Inc.*, 146 F.3d 669, 707 (9th Cir. 1998).

As further discussed below, the Court does not consider the Settlement Agreement provided by Plaintiff, as that document is not one of public record, Plaintiff makes no reference

to the document in her Complaint, and the Court declines to treat this motion as one for summary judgment.

### B. Plaintiff's Complaint

*1. Request to Convert to Summary Judgment*

As an initial matter, the Court addresses Plaintiff's request that this Court convert the instant motion into one for summary judgment and then continue the motion while Plaintiff completes discovery. Dkt. #29 at 7-8. The Court denies that request for two reasons. First, the premise of Plaintiff's request is misguided. Plaintiff argues that the instant motion should be converted to one for summary judgment because Defendants ask the Court to consider matters extrinsic to the pleadings, specifically "a curated selection of records" that have been mischaracterized. *Id.* at 7. Regardless of the characterization of the records, the Court has already noted that it may take judicial notice of such records without converting the motion to one for summary judgment. *See* Section III.A., *supra*. Moreover, Plaintiff could have, but chose not to, submit additional records from the same proceedings to fill in whatever gaps she believed were necessary to present to the Court. The Court could have taken judicial notice of those documents for the same reasons. Finally, the Court is aware of the standards applicable to the consideration of the records, and does not rely on the documents for the truth of the matters set forth therein. Accordingly, the Court declines to convert the instant motion to one for summary judgment.

*2. Request to Deny as Untimely*

The Court next addresses Plaintiff's passing argument that the instant motion is untimely. Dkt. #29 at 6. Without citing any authority, Plaintiff asserts the motion is untimely because Defendant waited to file it until after the deadline for amended pleadings have expired. *Id.* That

ORDER
PAGE - 5

argument is without basis. First, this Court controls its own docket and deadlines, and has the authority to allow amended pleadings when it finds such action to be just. Further, this case is in its infancy. The trial date is not set until July of 2018. Dkt. #14. The discovery deadline is not until March of 2018. *Id.* Should Plaintiff choose to file an Amended Complaint, as discussed, below, there is no reason that either discovery or a trial in this matter should be delayed. Thus, allowing this motion is not unduly prejudicial to Plaintiff.

*3. Effect of Dismissal in State Court*

The Court now turns to the claims made by Plaintiff. In her Complaint, Plaintiff asserts that the dismissal with prejudice of the collections action brought by TMCC against her operates as a judgment on the merits, and therefore effectively operates to nullify any amount owed to TMCC. Dkt. #1-1. As a result, she asserts that TMCC's continued reporting of a $13,593 balanced owed, but charged off, and Experian's and Equifax's continued reporting of that debt, violates the FCRA. *Id.* Defendant TMCC moves to dismiss the claims against it, arguing that Plaintiff misunderstands the effect of the dismissal order, and that it has not furnished any inaccurate information regarding the status of her account in any event. Dkt. #26 at 5-11.

Plaintiff alleges that TMCC has violated specific provisions of the FCRA, namely, 15 U.S.C. § 1681s-2(b). Dk.#1-1 at ¶¶ 7.1-7.7. Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). To ensure credit reports are accurate, the FCRA imposes certain duties on "furnishers," which are entities that provide credit information to consumer reporting agencies. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). One such duty imposed on a furnisher is triggered when a furnisher receives notice of a dispute from a credit reporting agency,

ORDER
PAGE - 6

("CRA"), stating the consumer disputes the information. *Id.* at 1154; *see also* 15 U.S.C. § 1681s-2(b). Section 1681s-2(b) provides that, after receiving a notice of disputes, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] . . .;
>
> (C) report the result of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information . . .; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation . . . (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that information.

15 U.S.C. § 1681s-2(b)(1). Plaintiff asserts that TMCC failed to conduct a reasonable investigation into the accuracy and validity of the disputed account, failed to review all relevant information regarding the account in question, failed to accurately respond to the credit reporting agencies' inquiries, failed to correctly report the results of an accurate investigation to another credit reporting agency, and failed to correct its own internal records for the account. *Id.*

Plaintiff contends that because TMCC dismissed the collection case against her in King County Superior Court, that dismissal acts as a judgment on the merits, and therefore TMCC should be reporting a $0 balance owed to the CRAs. The Ninth Circuit has not addressed this issue. However, in *Dawe v. Capital One Bank*, 456 F. Supp.2d 236 (D. Mass. 2006), the United States District Court addressed a similar issue, albeit under a different procedural posture. The Court explained:

> There remains, finally, the question whether the absence of a judicial remedy operates to extinguish the underlying debt obligation for all purposes. Although the question appears to be one of first impression, courts have considered the analogous context of a debt that is time-barred by a statute of limitations. For example, in *Freyermuth v. Credit Bureau Serv., Inc.*, the

ORDER
PAGE - 7

> Eighth Circuit found no violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, where a creditor attempted to collect on a potentially time-barred debt. *Freyermuth v. Credit Bureau Servs.*, 248 F.3d 767, 771 (8th Cir. 2001). A number of other courts have similarly held that while the statute of limitations may eliminate a judicial remedy, it does not extinguish the underlying indebtedness. *See, e.g., Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613, 616 (N.D. Ill. 2001); *Wallace v. Capital One Bank*, 168 F. Supp. 2d 526, 528 (D. Md. 2001); *Shorty v. Capital One Bank*, 90 F. Supp. 2d 1330, 1332 (D.N.M. 2000); *Johnson v. Capital One Bank*, 2000 U.S. Dist. LEXIS 13311, No. Civ. A. SA00CA315EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000). Applying this reasoning in the present context, the Court holds that the state court dismissal - though it may deprive Capital One of a judicial mechanism for recovering the loan - does not erase Dawe's underlying indebtedness.

*Dawe*, 456 F.2d at 242.

That decision is in line with decisions in other District Courts in the Ninth Circuit. For example, the District Court of Nevada has noted:

> Moreover, the Court denies leave to amend because Defendants have not provided any authority which states that when a bank charges off a loan the legal obligation to repay the loan is extinguished. The Ninth Circuit case that Defendants cite to does not support their argument. In *Santa Monica Mountain Park Co. v. United States*, 99 F.2d 450 (9th Cir. 1938), the Ninth Circuit only stated that if a taxpayer considered a debt uncollective [sic] for income tax purposes, the taxpayer could not use the same uncollectible debt as assets for tax purposes. *Id.* at 455. The Ninth Circuit did not hold that a charge off extinguished legal liability for the debt. In fact other courts who have addressed this issue have found that <u>a charge off does not extinguish liability for the debt</u>. *See In re Zilka*, 407 B.R. 684, 687 (Bankr. W.D. Pa. 2009) (finding that, as a matter of law, when a lender issues an account statement to its borrower indicating that an outstanding loan balance equals $0.00 because such loan has been charged off, it is not the legal equivalent of forgiving (i.e. discharging liability on) a debt). Accordingly, the Court grants the motion to dismiss counterclaims (#31) without leave to amend.

*Plaza Bank v. Green Family Trust*, 2011 U.S. Dist. LEXIS 141044, *15-16 (D. Nev. Dec. 7, 2011) (emphasis added).

In the instant case, while Plaintiff argues that the Order of Dismissal with prejudice had the effect of extinguishing the underlying debt, Plaintiff provides no controlling authority to

ORDER
PAGE - 8

support that argument. Thus, the Court is persuaded for the reasons set forth by TMCC that the Order of Dismissal does not preclude it from reporting a charged off debt, and does not require it to report a $0 balance. For those reasons, even accepting all of Plaintiff's alleged facts as true, Plaintiff's claim against TMCC must be dismissed with prejudice.

   4. *Effect of Settlement Agreement*

Plaintiff also argues that Defendant's motion must be denied because the intent and effect of a global settlement agreement in the state court actions had the effect of extinguishing her debt. Dkt. #29 at 14-17. The Court does not consider this argument. First, Plaintiff did not raise such a claim in her Complaint. Nowhere does she even mention the Settlement Agreement. *See* Dkt. #1-1 at ¶ ¶ 4.1-4.23. Further, to consider the argument, the Court would be required to examine documents extrinsic to the Complaint and of which it could not take judicial notice. This would require the Court to convert the motion to one for summary judgment. Because the claim was not raised in the Complaint, the Court finds no basis to convert the motion or consider the documents provided by Plaintiff at this time.

**C. Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court has identified the deficiencies for which it has dismissed Plaintiff's claims. However, given Plaintiff's argument in response to the instant motion regarding the effect of the Settlement Agreement, which is not a basis of the claims set

ORDER
PAGE - 9

forth in the current Complaint, Plaintiff shall have the opportunity to correct those deficiencies should she believe she can do so, through the filing of an Amended Complaint.

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendant TMCC's Motion for Judgment on the Pleadings (Dkt. #26) is GRANTED, and Plaintiff's Third Cause of Action is DISMISSED with leave to amend.

2) Plaintiff may file an Amended Complaint **no later than fourteen (14) days from the date of this Order**. Should Plaintiff choose to file such a Complaint, Plaintiff shall omit all Causes of Action and/or factual allegations that have been dismissed with prejudice as noted above.

3) Nothing in this Order precludes Defendants from moving to dismiss any Amended Complaint should they believe such action is warranted and legally supported.

4) Plaintiff's Causes of Action One and Two against Defendants Experian and Equifax remain pending, as those causes of action were not the subject of the instant motion and neither of those Defendants chose to join in the instant motion.

DATED this 15th day of December 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE