SaraEllen M. Hutchison
Law Office Of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone:      (206) 529-5195
Facsimile:      (877) 485-4893
Email:          saraellen@saraellenhutchison.com

Robert W. Mitchell (WSBA # 37444)
Attorney at Law, PLLC
1020 N. Washington
Spokane, WA  99201
Telephone:      509-327-2224
Facsimile:      509-888-840-6003
Email:          bobmitchellaw@yahoo.com

*Attorneys for Plaintiff, Caren Rose Dacumos*

The Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CAREN ROSE DACUMOS,<br><br>                Plaintiff,<br>          v.<br><br>TOYOTA MOTOR CREDIT CORPORATION, a California Corporation, EQUIFAX INFORMATION SERVICES LLC, a Georgia Limited Liability Company, and EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation,<br><br>                Defendants. | NO.  2:17-cv-00964-RSM<br><br>PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. # 26) PURSUANT TO FRCP 54(b)<br><br>NOTE ON MOTION CALENDAR:<br><br>JANUARY 12, 2018 |

COMES NOW, Plaintiff, CAREN ROSE DACUMOS, by and through her attorneys, SARAELLEN HUTCHISON and ROBERT MITCHELL, and pursuant to FED. R. CIV. P. 54(b), and respectfully requests that this Court enter a final judgment on its order granting the defendant's motion for judgment on the pleadings (Dkt. # 26).

PLAINTIFF'S FRCP 54(b) MOTION
FOR FINAL JUDGMENT                                    1

**Law Office Of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (877) 485-4893

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

## I. INTRODUCTION AND PROCEDURAL HISTORY

On November 1, 2017, Defendant, Toyota Motor Credit Corporation (hereinafter "TMCC") filed a motion for judgment on the pleadings as to Plaintiff's Fair Credit Reporting Act ("FCRA") claims. Dkt. # 26. On December 15, 2017, this Court Granted TMCC's motion in part, and dismissed two of Plaintiff's three FCRA claims against TMCC. Dkt. # 33. In doing so, this Court recognized: "The Ninth Circuit has not addressed this issue." *See*, *Id*. at p. 7, lines 21 – 22.

The Court's Order succinctly described the issue as: "Plaintiff contends that because TMCC dismissed the collection case against her in King County Superior Court, that dismissal acts as a judgment on the merits, and therefore TMCC should be reporting a $0 balance owed to the CRA's." *See*, Dkt. # 33, at p. 7, lines 18 – 21. Therefore, the question becomes: If a creditor files a Washington State Court debt collection lawsuit against a consumer, and if the creditor subsequently dismisses the debt collection lawsuit with prejudice, does the dismissal with prejudice act as a final adjudication on the merits of the creditor's claims? If the answer is in the affirmative, and if the creditor reports the account to a Credit Reporting Agency, must the creditor report a $0.00 account balance to satisfy the creditor's FCRA duty to accurately report accounts? It is certain that many District Courts within this jurisdiction will confront this same legal issue.

In this case, this Court applied Massachusetts law to the issue, and compared the dismissal with prejudice to a creditor's charge off. Another Court within this jurisdiction may analyze the issue differently, and produce a different result. Our District Courts should not be left to apply different laws on an ad hoc basis to answer this same issue of law. All District

PLAINTIFF'S FRCP 54(b) MOTION
FOR FINAL JUDGMENT

2

**Law Office Of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (877) 485-4893

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003

Courts within this jurisdiction would benefit greatly from guidance from the Ninth Circuit Court of Appeals on this issue of law. Plaintiff has reason to believe that any appeal will be joined by amicus from consumer advocacy groups. Therefore, Plaintiff respectfully requests that this Court issue a Fed. R. Civ. P. 54(b) certification to enable the parties to seek clarification of this important issue from the Ninth Circuit Court of Appeals.

## II.  ARGUMENT

**A.  Fed. R. Civ. P. 54(b) Permits the Entry of a Final Judgment to Enable an Expeditious Appeal**.

Federal Rule of Civil Procedure 54(b) allows the entry of a final judgment as to one or more, but fewer than all claims, upon an express finding by the Court that there is no just reason for delay. The rule provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Federal Rule of Civil Procedure 54(b) provides an exception to the general rule that a final judgment is proper and an appeal may be taken only after the court has adjudicated all the parties' claims for relief. *Id*. Rule 54(b) allows the court to enter final judgment as to one or more claims "only if the court expressly determines that there is no just reason for delay." *Id*. "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and

PLAINTIFF'S FRCP 54(b) MOTION FOR FINAL JUDGMENT — 3

Law Office Of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (877) 485-4893

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003

risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc.,* 776 F.2d 1414, 1416 (9th Cir. 1985) (quoting *Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir. 1981)).

There are two factors to consider in ordering Rule 54(b) certification. *Curtis-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 954 (9th Cir. 2006). First, the court must consider the overlap of factual and legal issues between those claims disposed of under Rule 54(b) and those still pending before the trial court. *Id.* Second, the court must assess the equities that weigh in favor and against certification. *Id.* A Rule 54(b) certification is appropriate if it will aid "expeditious decision" of the case. However, the court must also consider the policy of preventing piecemeal appeals in cases that should be reviewed on appeal as a single unit. *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 797-98 (9th Cir.1991). The Ninth Circuit prohibits the trial court from directing entry of judgment under Rule 54(b) "unless it has made specific findings setting forth the reasons for its order." *Morrison-Knudsen Co., Inc. v. Archer,* 655 F.2d 962, 965 (9th Cir.1981).

**B.  The FCRA Claims that were Dismissed are Interrelated with the FCRA Claims that were Not Dismissed, and Rule 54(b) Certification will Aid in Expeditious Resolution of these Intertwined Claims.**

Plaintiff's complaint alleged that TMCC violated the FCRA by reporting a large balance to the Credit Reporting Agencies after dismissing its debt collection lawsuit with prejudice. Dkt. # 1. Plaintiff's briefing asserted that the *account balance* issue is clear

PLAINTIFF'S FRCP 54(b) MOTION FOR FINAL JUDGMENT — 4

Law Office Of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (877) 485-4893

Robert Mitchell, Attorney at Law, PLLC
1020 N. Washington, Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003

because: 1) Under Washington law, a dismissal with prejudice serves as a final adjudication on the merits; and 2) Even if there were a question as to the status of this dismissal and the account balance going forward, the parties entered a release and settlement agreement that clearly stated that the debt was uncollectable. *See*, Dkt. # 29. This court dismissed Plaintiff's FCRA claims as to Plaintiff's first theory, but granted Plaintiff leave to amend to pursue the second category of FCRA liability. Dkt. # 33.

The two FCRA claims are interrelated. The only way to ensure that these interrelated claims are resolved expeditiously and in a manner that will best serve the parties, this Court, and other District Courts in this appellate jurisdiction would be to issue a Rule 54(b) certification. For judicial economy purposes, this Court should certify the issue for appeal to prevent the cost of piecemeal appeals of interrelated issues going forward.

C.     **The Equities Tip in Favor of Rule 54(b) Certification.**

Defendants would not be prejudiced by an expeditious appeal and the Courts of this appellate jurisdiction would benefit greatly from a bright line rule. Defendant TMCC brought this issue to this Court on a dispositive motion. TMCC wants this issue resolved. Plaintiff, as well as other consumers and consumer advocacy groups, also desire expeditious resolution of this legal issue. Consumer advocacy groups have been patiently waiting for an opportunity to present this issue to the Ninth Circuit Court of Appeals. It would also benefit the consumer credit industry to have clarity on this issue, for as long as the parameters for their conduct are unclear, they are exposed to litigation that affects their bottom line. Defendants are large business entities with ample, but not infinite litigation resources. By contrast, Plaintiff is a

**Law Office Of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (877) 485-4893

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003

single individual of limited financial means. Therefore, the equities tip in favor of Rule 54(b) Certification so this matter can be expeditiously presented for appeal.

**D.    This Court has Already Pronounced a Valid Basis for Rule 54(b) Certification.**

This Court recognized in its order that Ninth Circuit case law is devoid of any bright line rule regarding this important legal issue. *See*, Dkt. #33 at p. 7, lines 21 – 22, stating in pertinent part: "The Ninth Circuit has not addressed this issue." Therefore, the Court has already recognized the need for the Ninth Circuit to bring clarity to this issue. It is appropriate for this Court to issue a Rule 54(b) Certification.

### III.    CONCLUSION

For the reasons discussed above, this Court should issue a Rule 54(b) Certification to enable expeditious resolution of this important issue of law.

Dated this 26th day of December, 2017.

          Respectfully submitted,

S//SaraEllen M. Hutchison
SaraEllen M. Hutchison (WSBA # 36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone:    (206) 529-5195
Facsimile:    (877) 485-4893
Email:    saraellen@saraellenhutchison.com

S//Robert Mitchell
Robert W. Mitchell (WSBA # 37444)
Attorney at Law, PLLC
1020 N. Washington
Spokane, WA  99201
Telephone:    509-327-2224
Facsimile:    888-840-6003
Email:    bobmitchellaw@yahoo.com

PLAINTIFF'S FRCP 54(b) MOTION FOR FINAL JUDGMENT — 6

**Law Office Of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (877) 485-4893

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2017, the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

S//Robert Mitchell
ROBERT MITCHELL (WSBA No. 37444)
ROBERT MITCHELL ATTORNEY AT LAW, PLLC
1020 N. Washington
Spokane, WA 99201
Telephone:    509-327-2224
bobmitchelllaw@yahoo.com

PLAINTIFF'S FRCP 54(b) MOTION FOR FINAL JUDGMENT — 7

Law Office Of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (877) 485-4893

Robert Mitchell, Attorney at Law, PLLC
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003