SaraEllen M. Hutchison                                    The Honorable Ricardo S. Martinez
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone:      (206) 529-5195
Facsimile:      (253) 302-8486
Email:          saraellen@saraellenhutchison.com

Robert W. Mitchell (WSBA # 37444)
Attorney at Law, PLLC
1020 N. Washington
Spokane, WA  99201
Telephone:     509-327-2224
Facsimile:     888-840-6003
Email:         bobmitchellaw@yahoo.com

*Attorneys for Plaintiff, Caren Rose Dacumos*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| CAREN ROSE DACUMOS,<br><br>                    Plaintiff,<br><br>        v.<br><br>TOYOTA MOTOR CREDIT CORPORATION, a California Corporation, and PATENAUDE & FELIX, A.P.C., a California Professional Corporation,<br><br>                    Defendants. | NO.  2:17-cv-00964-RSM<br><br>PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT AND THE FEDERAL FAIR CREDIT REPORTING ACT, *INTER ALIA* |

COMES NOW, Plaintiff, CAREN ROSE DACUMOS, by and through her attorneys, SARAELLEN HUTCHISON and ROBERT MITCHELL, and files this First Amended and Supplemental Complaint against the Defendants as follows:

PLAINTIFF'S FIRST AMENDED AND                    1
SUPPLEMENTAL COMPLAINT

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

# I.    STATEMENT OF THE CASE

This is an action for injunctive relief and damages to prevent future injury to Plaintiff and other Washington consumers.

# II.    PARTIES

2.1    Plaintiff, CAREN ROSE DACUMOS (hereinafter "Plaintiff") resides in the city of SeaTac, in King County, Washington, south of Interstate 90.

2.2    Plaintiff is a "person" as defined by the Washington Consumer Protection Act, and a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(c), and Plaintiff acted as a "consumer" and "person" at all times relevant to this litigation.

2.3    Defendant, TOYOTA MOTOR CREDIT CORPORATION (hereinafter "TMCC") is a California Corporation doing business in Washington State pursuant to UBI number 600521882.

2.4    TMCC is a "furnisher" within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2 et seq.

2.5    TMCC hired Defendant, PATENAUDE & FELIX, A.P.C. ("P&F") to file a lawsuit in the Superior Court of King County, Washington to collect an alleged unpaid vehicle loan account from Plaintiff.

2.6    P&F is a California Professional Corporation doing business in Washington State pursuant to UBI number 602953078.

2.7    P&F is a "business" as defined by Washington's Consumer Protection Act.

2.8    TMCC and P&F violated statutes and common law while litigating their King County, Washington debt collection lawsuit against Plaintiff.

2.9    As a result, Plaintiff brought a separate consumer protection action against P&F and TMCC, in the Superior Court of King County, Washington.

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003

2.10    After substantial litigation, P&F, TMCC and Plaintiff contracted to resolve both cases and cease collection of the account against Plaintiff.

2.11    TMCC thereafter falsely reported the tradeline to the credit reporting agencies.

2.12    Despite the parties' agreement, TMCC reported that Plaintiff owes TMCC $13,593.00.

2.13    P&F thereafter pulled Plaintiff's credit report with no permissible purpose.

2.14    Plaintiff, TMCC and P&F are each a "person" as defined by the FCRA, 15 U.S.C. §1681a(b).

2.15    The documents (whether in written or electronic form) that the consumer reporting agencies furnished to TMCC and/or P&F are each a "consumer report" as defined by the FCRA, 15 U.S.C. §1681b(a)(3).

## III.    JURISDICTION AND VENUE

3.1    This court has jurisdiction under 15 U.S.C. §1681p.

## IV.    FACTS

4.1    Plaintiff (hereinafter "Ms. Dacumos") co-signed a vehicle loan with Defendant TOYOTA MOTOR CREDIT CORPORATION (hereinafter "TMCC") for Melanthon Ibañez.

4.2    Thereafter, Mr. Ibañez defaulted on the loan.

4.3    TMCC sued Mr. Ibañez and Ms. Dacumos in *TMCC Motor Credit Corporation v. Melanthon Ibañez and Carenrose Dacumos*, King County Superior Court Case No. 15-2-13622-4 KNT.

4.4    TMCC and its lawyers, P&F, violated Ms. Dacumos's rights in the prosecution of 15-2-13622-4.

4.5    Ms. Dacumos brought a separate action against TMCC and P&F, entitled *Carenrose Dacumos v. Patenaude & Felix, A.P.C. and TMCC Motor Credit Corporation,* King County Cause No. 15-2-26288-2 SEA.

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

3

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003

4.6     Ms. Dacumos's lawsuit against TMCC and P&F was vigorously litigated, with over 80 docket entries.

4.7     Ms. Dacumos, TMCC, and P&F simultaneously resolved *all claims* and *both lawsuits* through a global release and settlement agreement ("settlement agreement"), attached hereto as **Exhibit A**.

4.8     TMCC's counsel drafted the release and settlement agreement.

4.9     The terms of the release and settlement agreement are simple and straightforward.

4.10    Ms. Dacumos agreed to dismiss her lawsuit against TMCC and P&F in exchange for the following consideration:

    A.  TMCC dismissed its lawsuit, 15-2-13622-4 KNT, against Ms. Dacumos, *with prejudice*.  *See*, **Ex. A**, p. 1, ¶ 2(a).

    B.  P&F paid Ms. Dacumos $5,000.00 for the damages P&F caused through its statutory violations.  *See*, **Ex. A**, p. 1, ¶ 1.

    C.  Ms. Dacumos filed a motion for prevailing party costs and attorney's fees in her case against TMCC and P&F, 15-2-26288-2 SEA.  *See*, **Ex. A**, p. 1, ¶ 3.

    D.  TMCC and P&F agreed to never again attempt to collect from Ms. Dacumos the debt at the heart of TMCC/P&F's debt collection lawsuit filed against Mr. Ibañez and Ms. Dacumos.  *See*, **Ex. A**, p. 1, ¶ 2(b).

4.11    TMCC and P&F were free to pursue Mr. Ibañez for the debt.

4.12    However, as to Ms. Dacumos: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**." *See*, **Ex. A**, p. 1, ¶ 2(a).  **Emphasis added**.

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

4.13   On June 29, 2016, after the parties vigorously litigated Ms. Dacumos's claims against TMCC and P&F, and after the parties executed the release and settlement agreement, the King County Superior Court entered an Order of Dismissal With Prejudice of all TMCC's claims against Ms. Dacumos. *See*, 15-2-13622-4 KNT.

4.14   This Order of Dismissal With Prejudice operates as a judgment on the merits of both King County cases.

4.15   Ms. Dacumos reasonably understood the language of the mutual release and settlement agreement that P&F drafted to mean that TMCC was discharging Ms. Dacumos's liability for the underlying account, and P&F would pay Ms. Dacumos damages, costs, and attorney's fees, in exchange for Ms. Dacumos dismissing her claims against TMCC and P&F.

4.16   Ms. Dacumos reasonably believed that the language of the mutual release and settlement agreement, coupled with the two dismissals *with prejudice*, discharged Ms. Dacumos's liability for the TMCC account.

4.17   In addition to the language P&F used in the release and settlement agreement, Ms. Dacumos's understanding that TMCC discharged her liability for the TMCC account was reasonable because:

    A.  The parties' release and settlement agreement provides that Washington law governs the parties' agreement; and

    B.  Under Washington law, a dismissal with prejudice resolves all underlying issues and serves as an adjudication on the merits.

4.18   Ms. Dacumos would have never entered a mutual release and settlement agreement that failed to discharge her individual liability for the underlying TMCC account.

4.19   In that event, Ms. Dacumos would have continued to vigorously litigate both lawsuits.

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

5

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003

4.20    Given the above, the settlement agreement and the two dismissals with prejudice, reflect a mutual release of all claims by and against Ms. Dacumos, TMCC, and P&F.

4.21    This release of *all* claims included "…**the debt that is the subject of this lawsuit**." *See*, Exhibit A, Settlement Agreement.

4.22    Despite its agreement that: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**," TMCC continued to report to the credit reporting agencies that Ms. Dacumos owes $13,593.00, the exact amount "…that is the subject of this lawsuit."

4.23    TMCC asserts that it is simply reporting a debt that is "on its books."

4.24    However, on December 28, 2016, approximately six months after P&F contracted with Ms. Dacumos to cease collection of the account, P&F requested Ms. Dacumos's Trans Union credit report, to conduct an account review inquiry.

4.25    This credit pull is viewable by other collection agencies.

4.26    Ms. Dacumos had no business relationship with P&F at that point in time, so P&F had no business reviewing Ms. Dacumos's consumer report.

4.27    After contracting with Ms. Dacumos to cease collection of the account, P&F no longer had any legitimate business need for Ms. Dacumos's consumer report.

4.28    Following the parties' mutual release and settlement agreement, no court of competent jurisdiction ordered that Ms. Dacumos's consumer reports be furnished to P&F.

4.29    Following the parties' mutual release and settlement agreement, no government agency has ever requested the credit reports of Ms. Dacumos be furnished to TMCC or P&F.

4.30    P&F is a debt collection law firm that attempted to collect "…**the debt that is the subject of this lawsuit**" on behalf of TMCC.

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

6

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

4.31    P&F had no valid or legitimate purpose to obtain a copy of Ms. Dacumos's consumer credit report six months after the parties dismissed both lawsuits with prejudice and P&F and TMCC agreed to cease collections.

4.32    P&F's credit pull, six months after the parties entered a mutual release and settlement agreement and dismissed both lawsuits with prejudice, underscores that TMCC and P&F continued attempts to collect "…**the debt that is the subject of this lawsuit**."

4.33    Additionally, the Federal Trade Commission, the Consumer Financial Protection Bureau, and many Federal Courts share the view that credit reporting is a debt collection tool.

4.34    The Federal Trade Commission has stated in pertinent part: "...the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls." *See Cass*, FTC Informal Staff Letter (Dec. 23, 1997).

4.35    The Consumer Financial Protection Bureau has stated in pertinent part: "…furnishing information to the nationwide CRAs can provide an incentive for borrowers or debtors to meet their repayment obligations." *See*, Consumer Fin. Prot. Bureau, Consumer Credit Reports: A Study of Medical and Non-Medical Collections 35 (Dec. 2014).

4.36    One Federal Court stated in pertinent part: "The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver." *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035, (D. Minn. 2010), *aff'd*, 413 Fed. Appx. 925 (8th Cir. 2011).

4.37    A District Court within the 9th Circuit stated in pertinent part: "…it is certainly not beyond belief that a furnisher of information might use the false tradeline as a club in negotiating down a judgment, as may have happened in this case." *Greene v. Capital One Bank*, 2008 WL 1858882, at *4 (D. Utah Apr. 23, 1998).

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

7

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

4.38    Plaintiff therefore alleges that TMCC's credit reporting of "…**the debt that is the subject of this lawsuit**" as having a balance of $13,593.00, is an attempt to force Ms. Dacumos to pay TMCC $13,593.00.

4.39    TMCC is reporting that Ms. Dacumos owes TMCC $13,593.00, as a means of collecting "…**the debt that is the subject of this lawsuit**" from Ms. Dacumos.

4.40    Despite the parties' agreement that "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**," TMCC refuses to update what it reports to the credit reporting agencies to reflect that Ms. Dacumos owes $0.00 to TMCC.

4.41    As a result, in July 2016, TMCC reported the status of TMCC account number 7040********** as a Charge Off and that $13,593 was past due.

4.42    TMCC's reporting is erroneous because TMCC dismissed its debt collection lawsuit against Ms. Dacumos *with prejudice*, which operated as an adjudication on the merits of TMCC's claim, and resolved Ms. Dacumos's liability for the underlying debt in her favor.

4.43    TMCC's reporting is erroneous because the parties entered a written release and settlement agreement wherein TMCC discharged Ms. Dacumos's liability for "…**the debt that is the subject of this lawsuit**" as consideration in exchange for Ms. Dacumos dismissing her lawsuit against TMCC and P&F.

4.44    TMCC's reporting is erroneous because Ms. Dacumos's liability on the TMCC account was fully adjudicated on the merits where the parties vigorously litigated the case.

4.45    Because TMCC's reporting was erroneous, and a breach of the parties' release and settlement agreement, Ms. Dacumos disputed the account to the credit reporting agencies.

4.46    The credit reporting agencies notified TMCC of Ms. Dacumos's dispute.

4.47    TMCC responded to the credit reporting agencies that the account was still owed.

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

4.48    On July 21, 2016, Ms. Dacumos disputed to the credit reporting agency Trans Union, through its Credit Karma website, and attached the parties' mutual settlement agreement.

4.49    Upon receiving notice of the dispute, along with a copy of the parties' release and settlement agreement, from Credit Karma (Trans Union), TMCC again verified that the account was owed despite the settlement agreement that had the legal effect of the debt no longer being owed.

4.50    Ms. Dacumos submitted online disputes to Equifax on July 8, 2016, August 10, 2016, October 3, 2016 and March 10, 2017.

4.51    Ms. Dacumos included a copy of the settlement agreement with her October 3, 2016 dispute to Equifax.

4.52    In Equifax's October 17, 2016 response to Ms. Dacumos's October 3, 2016 dispute, Equifax stated that Equifax researched the TMCC account, and "the results are: we verified that this item belongs to you. Additional information has been supplied from the original source regarding this item."

4.53    The October 17, 2016 Equifax updated credit report reported TMCC as a charge off with $13,593 owed, despite TMCC being reminded of the settlement agreement.By refusing to investigate the parties' release and settlement agreement, TMCC refused to conduct a reasonable reinvestigation of "…**the debt that is the subject of this lawsuit**."

4.54    Ms. Dacumos believes and therefore avers that TMCC never contacted P&F about the parties' release and settlement agreement attached to Ms. Dacumos's dispute.

4.55    Ms. Dacumos believes and therefore avers that TMCC never investigated the parties' release and settlement agreement attached to Ms. Dacumos's dispute.

4.56    On March 18, 2017, and March 21, 2017, Ms. Dacumos tried to apply for credit at Navy Federal Credit Union, and Navy Federal Credit Union turned her down both times because of delinquent credit obligations and a derogatory public record reported by Equifax.

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

9

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

4.57     On April 21, 2017, Ms. Dacumos pulled her Equifax, Experian and Trans Union credit reports and saw that TMCC was still reporting that Ms. Dacumos owed TMCC $13,593.

4.58     Ms. Dacumos mailed dispute letters to all three Credit Reporting Agencies, explaining that she owes TMCC nothing, and attaching a copy of the Order of Dismissal With Prejudice of TMCC's claims against her (that TMCC had entered pursuant to TMCC's settlement agreement with Ms. Dacumos).

4.59     In response, TMCC falsely verified that Ms. Dacumos owed TMCC $13,593.

4.60     Ms. Dacumos believes and therefore avers that TMCC never contacted P&F about the parties' release and settlement agreement attached to Ms. Dacumos's dispute.

4.61     Ms. Dacumos believes and therefore avers that TMCC never investigated the parties' release and settlement agreement attached to Ms. Dacumos's dispute.

4.62     As a result, TMCC continuously verified that the account was still owed despite TMCC and its lawyers, P&F, having contracted with Ms. Dacumos to cease collection and enter a dismissal on the merits of the controversy.

4.63     TMCC blames P&F for these credit reporting violations.

4.64     TMCC claims that it was not involved in the debt collection lawsuit it filed against Ms. Dacumos, *TMCC Motor Credit Corporation v. Melanthon Ibañez and Carenrose Dacumos*, King County Superior Court Case No. 15-2-13622-4 KNT.

4.65     TMCC claims that it was not involved in the lawsuit Ms. Dacumos filed against TMCC and its counsel, Patenaude and Felix, *Carenrose Dacumos v. Patenaude & Felix, A.P.C. and TMCC Motor Credit Corporation,* King County Cause No. 15-2-26288-2 SEA.

4.66     Ms. Dacumos, however, repeatedly disputed the balance of the account to the credit reporting agencies, and those credit reporting agencies repeatedly informed TMCC that Ms. Dacumos disputed the balance of the account.

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

10

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

4.67    Ms. Dacumos provided a copy of the parties' release and settlement agreement, which was provided to TMCC.

4.68    TMCC had a duty to conduct a reasonable reinvestigation involving Ms. Dacumos's disputes.

4.69    TMCC could have easily fullfilled this legal obligation by simply contacting TMCC's own attorneys, P&F, and requesting information about the account.

4.70    Had TMCC engaged in this minimal inquiry of contacting its own attorneys for information about the account, TMCC would have learned that Ms. Dacumos's dispute was correct.

4.71    A reasonable reinvestigation would have led to TMCC learning that the parties agreed "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**."

4.72    TMCC's assertions that it had nothing to do with the two lawsuits or the release and settlement agreement do not excuse TMCC's refusal to conduct a reasonable reinvestigation in response to Ms. Dacumos's repeated disputes, some of which contained copies of the parties' mutual release and settlement agreement, and cited to the parties' litigation history.

4.73    If TMCC's assertions are true, it does not excuse TMCC's failure to take the simple step of asking TMCC's own attorneys about the litigation between the parties and/or the subsequent release and settlement agreement.

4.74    If TMCC's assertions are true, P&F's actions are unfair and deceptive because P&F failed or refused to provide a copy of the release and settlement agreement to TMCC.

4.75    If TMCC's assertions are true, P&F's actions are unfair and deceptive where P&F failed or refused to inform TMCC that the debt was discharged pursuant to the parties' mutual release and settlement agreement, and subsequent dismissals with prejudice, and subsequent

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

11

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

payment of $5,000.00 damages, plus costs and attorney's fees to Ms. Dacumos as the prevailing party in the litigation.

4.76    Yet, despite the parties' release and settlement agreement, to this day TMCC insists that Ms. Dacumos owes TMCC $13,593.

4.77    TMCC has not only failed to conduct a reasonable reinvestigation, but TMCC is intentionally refusing to conduct a reasonable reinvestigation.

4.78    This ordeal has caused Ms. Dacumos significant frustration, emotional distress, embarrassment, humiliation of credit denials, loss of reputation, monetary loss in the form of being denied credit, intrusion into her privacy, an unwelcome distraction in her personal life, the chilling effect on her obtaining credit, and other ongoing and harms and losses.

4.79    Ms. Dacumos prays that Defendants are never allowed to engage in such acts, conduct, or business practices against any Washington consumer ever again.

## V.    FIRST CAUSE OF ACTION

<u>(Federal Fair Credit Reporting Act Violation – *Furnisher Liability* – as to TMCC)</u>

5.1    Plaintiff re-alleges sections I through IV, inclusive as though fully set forth herein.

5.2    TMCC is currently reporting to the credit reporting agencies that Ms. Dacumos owes TMCC over $13,000.00.

5.3    TMCC's reporting is inaccurate and erroneous because the parties were involved in two separate lawsuits surrounding the alleged debt that resolved the debt on the merits as not owed and wherein TMCC contracted to cease collecting it.

5.4    After vigorous litigation, TMCC's counsel drafted a release and settlement agreement to resolve both lawsuits.

5.5    Ms. Dacumos, TMCC, and P&F simultaneously resolved *all claims* and *both lawsuits* through a global release and settlement agreement ("settlement agreement"), attached hereto as **Exhibit A**.

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

12

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

5.6     Ms. Dacumos agreed to dismiss her lawsuit against TMCC and P&F in exchange for the following consideration:

    A.   TMCC dismissed its lawsuit, 15-2-13622-4 KNT, against Ms. Dacumos, *with prejudice*.  *See*, **Ex. A**, p. 1, ¶ 2(a).

    B.   P&F paid Ms. Dacumos $5,000.00 for the damages P&F caused through its statutory violations.  *See*, **Ex. A**, p. 1, ¶ 1.

    C.   Ms. Dacumos filed a motion for prevailing party costs and attorney's fees in her case against TMCC and P&F, 15-2-26288-2 SEA.  *See*, **Ex. A**, p. 1, ¶ 3.

    D.   TMCC and P&F agreed to never again attempt to collect from Ms. Dacumos the debt at the heart of TMCC/P&F's debt collection lawsuit filed against Mr. Ibañez and Ms. Dacumos.  *See*, **Ex. A**, p. 1, ¶ 2(b).

5.4     TMCC and P&F were free to pursue Mr. Ibañez for the debt.

5.5     However, as to Ms. Dacumos: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit.**"  *See*, **Ex. A**, p. 1, ¶ 2(a).  **Emphasis added**.

5.6     Ms. Dacumos reasonably believed that the release and settlement agreement meant that she was waiving her claims against TMCC and P&F in exchange for TMCC extinguishing her liability for the underlying account.

5.7     Ms. Dacumos dismissed her lawsuit against TMCC and P&F with prejudice.

5.8     However, TMCC continued attempts to collect the debt by erroneously reporting to the credit reporting agencies that Ms. Dacumos owes TMCC over $13,000.00.

5.9     It is erroneous for TMCC to credit report that Ms. Dacumos owes TMCC over $13,000.00, because the parties waived all claims against all parties.

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

13

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

5.10    It is erroneous for TMCC to credit report that Ms. Dacumos owes TMCC over $13,000.00, because after the parties entered a mutual release and settlement agreement waiving all claims, the parties then dismissed their lawsuits with prejudice.

5.11    The dismissals with prejudice served as a final adjudication of all claims by, between and against all parties.

5.12    Ms. Dacumos does not owe TMCC over $13,000.00, because the parties resolved all claims through a written release and settlement contract.

5.13    TMCC's reporting is erroneous.

5.14    Ms. Dacumos disputed the erroneous reporting and requested a reinvestigation.

5.15    Creditors or furnishers of information to credit reporting agencies do not fulfill their respective duties to conduct a reasonable investigation into the accuracy and validity of a disputed account simply by reciting the information which is already contained within the consumer credit or account file. *Diprinzio v. MBNA America Bank, N.A.*, 2005 WL 2039175 (E.D. Pa. Aug. 24, 2005).

5.16    TMCC violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of TMCC's representations; by failing to review all relevant information regarding same; by failing to accurately respond to CRAs; by failing to correctly report results of an accurate investigation to another credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of TMCC's representations to the consumer credit reporting agencies, among other unlawful conduct.

5.17    As a result of this conduct, action and inaction of TMCC, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

14

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

5.18    TMCC's conduct, action and inaction were willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

5.19    In the alternative, TMCC was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

5.20    Plaintiff is entitled to recover costs and attorneys' fees from TMCC pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## VI.    SECOND CAUSE OF ACTION

(Federal Fair Credit Reporting Act Violation – *Impermissible Inquiry* – as to P&F)

6.1    Plaintiff re-alleges sections I through V, inclusive as though fully set forth herein.

6.2    Following the settlement between TMCC, P&F, and Ms. Dacumos, Ms. Dacumos had no relationship enumerated under 15 U.S.C. §1681b(a)(3) with P&F.

6.3    Ms. Dacumos did not provide P&F with written instructions to request her consumer report under 15 U.S.C. §1681b(a)(2).

6.4    On December 28, 2016, despite having no permissible purpose for doing so, P&F obtained Ms. Dacumos's Trans Union consumer report, approximately six months after settling with her, contracting to cease collection, and ending its business relationship with Ms. Dacumos.

6.5    P&F and its employees are prohibited from obtaining a consumer report under false pretenses, pursuant 15 U.S.C. §1681q.

6.6    P&F is required to establish reasonable procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses and as specifically authorized, pursuant to 15 U.S.C. §1681b(f).

6.7    P&F failed to establish reasonable procedures to prevent its facilities from being used to obtain a consumer report under false pretenses and as specifically authorized, pursuant to 15 U.S.C. §1681b(f).

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

6.8     As a result of P&F's conduct, action, and inaction Ms. Dacumos suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with her normal and usual activities for which she seeks damages in an amount to be determined by the jury.

6.9     P&F's conduct, action, and inaction were willful, rendering P&F liable to Ms. Dacumos for punitive damages pursuant to 15 U.S.C. §1681n.

6.10    In the alternative, P&F was negligent, thereby entitling Ms. Dacumos to recover damages under 15 U.S.C. §1681o.

6.11    Ms. Dacumos is entitled to recover costs and attorneys' fees from P&F pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## VII.    THIRD CAUSE OF ACTION

### (Breach of Contract -- as to both Defendants)

7.1     Plaintiff re-alleges sections I through VI, inclusive as though fully set forth herein.

7.2     On or about June 17, 2016, Ms. Dacumos, TMCC, and P&F entered into a contract, the settlement agreement attached hereto as **Exhibit A** ("settlement agreement").

7.3     The terms of the release and settlement agreement/contract are simple and straightforward.

7.4     Ms. Dacumos agreed to dismiss her lawsuit against TMCC and P&F in exchange for the following consideration:

A. TMCC dismissed its lawsuit, 15-2-13622-4 KNT, against Ms. Dacumos, *with prejudice. See*, **Ex. A**, p. 1, ¶ 2(a).

B. P&F paid Ms. Dacumos $5,000.00 for the damages P&F caused through its statutory violations. *See*, **Ex. A**, p. 1, ¶ 1.

C. Ms. Dacumos filed a motion for prevailing party costs and attorney's fees in her case against TMCC and P&F, 15-2-26288-2 SEA. *See*, **Ex. A**, p. 1, ¶ 3.

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

16

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003

    D.   TMCC and P&F agreed to never again attempt to collect from Ms. Dacumos the debt at the heart of TMCC/P&F's debt collection lawsuit filed against Mr. Ibañez and Ms. Dacumos. *See*, **Ex. A**, p. 1, ¶ 2(b).

7.5    TMCC and P&F were free to pursue Mr. Ibañez for the debt.

7.6    However, as to Ms. Dacumos: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit.**" *See*, **Ex. A**, p. 1, ¶ 2(a). **Emphasis added**.

7.7    On June 29, 2016, the King County Superior Court entered an Order of Dismissal With Prejudice of all of TMCC's claims against Ms. Dacumos. *See*, 15-2-13622-4 KNT.

7.8    This Order of Dismissal With Prejudice operates as a judgment on the merits.

7.9    Ms. Dacumos reasonably understood the language of the mutual release and settlement agreement that P&F drafted to mean that TMCC was discharging Ms. Dacumos's liability for the underlying account, and P&F would pay Ms. Dacumos damages, costs, and attorney's fees, in exchange for Ms. Dacumos dismissing her claims against TMCC and P&F.

7.10    Ms. Dacumos reasonably believed that the language of the mutual release and settlement agreement, coupled with the dismissal *with prejudice*, discharged Ms. Dacumos's liability for the TMCC account.

7.11    In addition to the language P&F used in the release and settlement agreement, Ms. Dacumos's understanding that TMCC discharged her liability for the TMCC account was reasonable because:

    A.   The parties' release and settlement agreement provides that Washington law governs the parties' agreement; and

    B.   Under Washington law, a dismissal with prejudice resolves all underlying issues and serves as an adjudication on the merits.

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

17

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

7.12    Ms. Dacumos would have never entered a mutual release and settlement agreement that failed to discharge her individual liability for the underlying TMCC account.

7.13    In that event, Ms. Dacumos would have continued to vigorously litigate both lawsuits.

7.14    Given the above, the settlement agreement and the two dismissals with prejudice, reflect a mutual release of all claims by and against Ms. Dacumos, TMCC, and P&F.

7.15    This release of *all* claims included "…**the debt that is the subject of this lawsuit**." *See, Supra., Settlement Agreement*.

7.16    Despite its agreement that: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**," TMCC continued to report to the credit reporting agencies that Ms. Dacumos owes the exact amount "…that is the subject of this lawsuit."

7.17    P&F did absolutely nothing to stop its own client, TMCC from continuing the coercive reporting.

7.18    Instead, on December 28, 2016, P&F pulled a copy of Ms. Dacumos's consumer credit report, without having any permissible purpose for doing so.

7.19    TMCC asserts that it is simply reporting a debt that is on its books.

7.20    However, the Federal Trade Commission, the Consumer Financial Protection Bureau, and many Federal Courts share the view that credit reporting is a debt collection tool.

7.21    The Federal Trade Commission has stated in pertinent part: "...the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls." *See Cass*, FTC Informal Staff Letter (Dec. 23, 1997).

7.22    The Consumer Financial Protection Bureau has stated in pertinent part: "…furnishing information to the nationwide CRAs can provide an incentive for borrowers or

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

18

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

debtors to meet their repayment obligations." *See*, Consumer Fin. Prot. Bureau, Consumer Credit Reports: A Study of Medical and Non-Medical Collections 35 (Dec. 2014).

7.23    One Federal Court stated in pertinent part: "The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver." *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035, (D. Minn. 2010), *aff'd*, 413 Fed. Appx. 925 (8th Cir. 2011).

7.24    A District Court within the 9th Circuit stated in pertinent part: "...it is certainly not beyond belief that a furnisher of information might use the false tradeline as a club in negotiating down a judgment, as may have happened in this case." *Greene v. Capital One Bank*, 2008 WL 1858882, at *4 (D. Utah Apr. 23, 1998).

7.25    Plaintiff therefore alleges that TMCC's credit reporting of "...**the debt that is the subject of this lawsuit**" as having a balance of $13,593.00 is an attempt to force Ms. Dacumos to pay TMCC $13,593.00.

7.26    TMCC is reporting that Ms. Dacumos owes $13,593.00, as a means of collecting "...**the debt that is the subject of this lawsuit**" from Ms. Dacumos.

7.27    Despite the parties' agreement, TMCC refuses to update what it reports to the credit reporting agencies to reflect that Ms. Dacumos owes $0.00 to TMCC.

7.28    TMCC's own attorneys, P&F, are expected to testify that TMCC cannot continue to use any means to collect $13,593.00 from Ms. Dacumos.

7.29    P&F drafted TMCC's release and settlement agreement.

7.30    That agreement provides in pertinent part: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**."

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

19

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

7.31     TMCC's pleadings argue that TMCC is *reporting* the $13,593.00 account balance because TMCC claims it still has the right to *collect* the account balance non-judicially. *See*, Dkt. No. 26, p. 3.

7.32     TMCC and P&F contracted with Plaintiff that: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**," barring TMCC from collecting the debt inside or outside of court.

7.33     Ms. Dacumos reasonably believed that the parties' release and settlement agreement represented Ms. Dacumos waiving her claims against TMCC and P&F in exchange for TMCC and P&F discharging Ms. Dacumos's liability "…**on the debt that is the subject of this lawsuit**."

7.34     The parties' release and settlement agreement is a contract.

7.35     Ms. Dacumos waived her claims against TMCC and P&F in exchange for debt relief.

7.36     Ms. Dacumos's waiver of claims was valid consideration.

7.37     Where TMCC's continued reporting of the inflated balance is an attempt to collect "…**on the debt that is the subject of this lawsuit**," TMCC and P&F are breaching the contract entered with Ms. Dacumos.

7.38     Whether P&F failed or refused to inform TMCC about the terms of the release and settlement agreement, that agreement is binding upon TMCC because it was drafted and entered by TMCC's own attorneys.

7.39     TMCC breached the parties' release and settlement agreement (contract) by continuing to credit *report* the erroneous balance in attempt to *collect* the erroneous balance.

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

20

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

7.40    TMCC breached the contract by continuing attempts to collect the account by reporting it on Plaintiff's credit report as still owing, despite having agreed to cease collection and its own lawyers entering a dismissal on the merits of the case.

7.41    P&F breached the contract by failing or refusing to take appropriate action that would have resulted in TMCC ceasing to collect the account as required by the parties' agreement.

7.42    P&F further breached the contract by pulling a copy of Ms. Dacumos's credit report in attempt to collect "…**the debt that is the subject of this lawsuit**," despite having agreed to cease collection.

7.43    P&F breached the contract by continuing to collect "…**the debt that is the subject of this lawsuit**," by conducting an account review inquiry and obtaining Ms. Dacumos's consumer report from Trans Union, even though Ms. Dacumos no longer had any business relationship with P&F that would make P&F's actions permissible.

7.44    Ms. Dacumos's has incurred significant expense, loss, and waste of time among other monetary harms and losses.

7.45    Defendants' breaches of the contract are the direct and proximate cause of Ms. Dacumos's injuries and damages.

## VIII.    <u>FOURTH CAUSE OF ACTION</u>

### <u>(Consumer Protection Act – Both Defendants)</u>

8.1    Plaintiff re-alleges sections I through VII, inclusive as though fully set forth herein.

8.2    Washington's CPA states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.920.

8.3    Washington's CPA is violated if an unfair or deceptive act or practice is committed in the course of trade or commerce, and the act or practice involves a matter of public interest, and the act or practice has the capacity for repetition, and the act or practice

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

21

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

proximately causes injury to a person's property or business.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986).

8.4    A Breach of Contract can violate Washington's CPA, if the violation fits the *Hangman Ridge* criteria.

8.5    In this case, P&F drafted a mutual release and settlement agreement/contract between Ms. Dacumos, P&F, and TMCC.

8.6    The terms of the release and settlement agreement/contract are simple and straightforward.

8.7    Ms. Dacumos agreed to dismiss her lawsuit against TMCC and P&F in exchange for the following consideration:

      A.    TMCC dismissed its lawsuit, 15-2-13622-4 KNT, against Ms. Dacumos, *with prejudice*.  *See*, **Ex. A**, p. 1, ¶ 2(a).

      B.    P&F paid Ms. Dacumos $5,000.00 for the damages P&F caused through its statutory violations.  *See*, **Ex. A**, p. 1, ¶ 1.

      C.    Ms. Dacumos filed a motion for prevailing party costs and attorney's fees in her case against TMCC and P&F, 15-2-26288-2 SEA.  *See*, **Ex. A**, p. 1, ¶ 3.

      D.    TMCC and P&F agreed to never again attempt to collect from Ms. Dacumos the debt at the heart of TMCC/P&F's debt collection lawsuit filed against Mr. Ibañez and Ms. Dacumos.  *See*, **Ex. A**, p. 1, ¶ 2(b).

8.8    TMCC and P&F promised that as to Ms. Dacumos: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**."  *See*, **Ex. A**, p. 1, ¶ 2(a).  **Emphasis added**.

8.9    On June 29, 2016, the King County Superior Court entered an Order of Dismissal With Prejudice of all of TMCC's claims against Ms. Dacumos.  *See*, 15-2-13622-4 KNT.

PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT      22

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

8.10    This Order of Dismissal With Prejudice operates as a judgment on the merits.

8.11    Ms. Dacumos forfeited the rights she asserted in her lawsuit against TMCC and P&F in exchange for a promise that "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**." *See*, **Ex. A**, p. 1, ¶ 2(a). **Emphasis added**.

8.12    Ms. Dacumos reasonably understood the language of the mutual release and settlement agreement that P&F drafted to mean that TMCC was discharging Ms. Dacumos's liability for the underlying account, and P&F would pay Ms. Dacumos damages, costs, and attorney's fees, in exchange for Ms. Dacumos dismissing her claims against TMCC and P&F.

8.13    Ms. Dacumos reasonably believed that the language of the mutual release and settlement agreement, coupled with the dismissal *with prejudice*, discharged Ms. Dacumos's liability for the TMCC account.

8.14    In addition to the language P&F used in the release and settlement agreement, Ms. Dacumos's understanding that TMCC discharged her liability for the TMCC account was reasonable because: A) The parties' release and settlement agreement provides that Washington law governs the parties' agreement; and B) Under Washington law, a dismissal with prejudice resolves all underlying issues and serves as an adjudication on the merits.

8.15    Ms. Dacumos would have never entered a mutual release and settlement agreement that failed to discharge her individual liability for the underlying TMCC account.

8.16    In that event, Ms. Dacumos would have continued to vigorously litigate both lawsuits.

8.17    Given the above, the settlement agreement and the two dismissals with prejudice, reflect a mutual release of all claims by and against Ms. Dacumos, TMCC, and P&F.

8.18    This release of *all* claims included "…**the debt that is the subject of this lawsuit**." *See, Supra., Settlement Agreement.*

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

8.19    Despite its agreement that: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**," both Defendants made attempts to collect the debt from Ms. Dacumos.

8.20    Defendants' actions were unfair, both in the inducement of the mutual release and settlement and dismissals with prejudice, and in refusing to follow the terms of the release and settlement agreement.

8.21    Defendants' actions were unfair, both in the inducement of the mutual release and settlement and dismissals with prejudice, and in refusing to follow the terms of the release and settlement agreement.

8.22    Defendants' unfair and deceptive actions affect issues that have been deemed to be matters of public interest: debt collection, credit reporting, business, and the administration of justice.

8.23    Defendants' unfair and deceptive actions have the capacity for repetition where Defendants are a large creditor and a large debt collection law firm, both of which regularly file debt collection lawsuits in the state of Washington and regularly engage in mutual release and settlement agreements prior to dismissing debt collection actions with prejudice.

8.24    Defendants' unfair and deceptive actions injured Ms. Dacumos in her property.

8.25    Defendants' unfair and deceptive actions were a proximate and direct cause of Ms. Dacumos's injuries and damages.Defendants' unfair and deceptive actions violated Washington's Consumer Protection Act, entitling Ms. Dacumos to an injunction to prevent future harm to other consumers, plus damages, treble damages, costs, and attorney's fees.  RCW 19.86.090.

8.26    P&F should be estopped from entering release and settlement agreements with consumers and then refusing or failing to informing the creditor about the terms of the release and settlement agreement.

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

24

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against Defendants as follows:

A.    For an Injunction preventing P&F from ever again engaging in collection activity after dismissing a debt collection case with prejudice and promising to cease all future collection efforts, pursuant to  RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

B.    For Actual and Punitive damages in an amount to be proven at trial, pursuant to 15 U.S.C. §1681 *et seq.*;

C.    For Actual and Treble damages in an amount to be proven at trial, pursuant to RCW 19.86, *et seq.*;

D.    For Breach of Contract damages in an amount to be proven at trial, pursuant to Washington Common Law;

E.    For Incidental and Consequential damages in an amount to be proven at trial;

F.    For costs and reasonable attorneys' fees in an amount to be proven at trial pursuant to 15 U.S.C. §1681 *et seq.*, and RCW 19.86 *et seq.*;

G.    For interest on the above amounts as authorized by law;

H.    For other relief as the Court deems just and equitable; and

I.    For leave to amend this complaint as needed and as required.

## X.    REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7.

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

25

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

Dated this 17th day of January, 2018.

Respectfully submitted,

s//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)
Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
E-mail: saraellen@saraellenhutchison.com

s//Robert Mitchell
Robert W. Mitchell (WSBA # 37444)
Attorney at Law, PLLC
1020 N. Washington
Spokane, WA  99201
Telephone:   509-327-2224
Facsimile:   888-840-6003
Email:       bobmitchellaw@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2018, the foregoing document was filed via the

Court's CM/ECF system, which will automatically serve and send email notification of such

filing to all registered attorneys of record.

s//SaraEllen Hutchison
SARAELLEN HUTCHISON (WSBA #36137)

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

26

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Law Office of SaraEllen Hutchison, PLLC
2367 Tacoma Avenue South
Tacoma, WA 98402
Telephone: (206) 529-5195
Facsimile: (253) 302-8486
E-mail: saraellen@saraellenhutchison.com

PLAINTIFF'S FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT

27

**Law Office of SaraEllen Hutchison, PLLC**
2367 Tacoma Avenue South, Tacoma, WA 98402
Ph: (206) 529-5195 | Fax: (253) 302-8486

**Robert Mitchell, Attorney at Law, PLLC**
1020 N. Washington, Spokane, WA  99201
Ph (509) 327-2224 | Fax (888) 840-6003