# Plaintiff's Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release of all Claims (the "Agreement") is made between Plaintiff Caren Dacumos and Defendant Patenaude & Felix, A.P. (collectively the Parties").

## RECITALS

WHEREAS, on October 27, 2015, Plaintiff filed a lawsuit against Defendant in King County Superior Court, cause no. 15-2-26288-2 SEA (the "Lawsuit"); and

WHEREAS, the Parties have reached an agreement for the full and final settlement of the Lawsuit and any claims related to the Lawsuit.

NOW, THEREFORE, in consideration of the promises and covenants herein contained, and for other valuable consideration, the sufficiency of which is hereby acknowledged, and without any of the Parties to this Lawsuit admitting any liability of any of the factual allegations of the Lawsuit, all Parties hereto agree as follows:

## TERMS OF THE SETTLEMENT AND RELEASE

**1.  Consideration:** Defendant(s) will pay Plaintiff the sum of five thousand dollars $ 5,000.00 for a full and final release of all claims and dismissal of the Lawsuit, with reasonable attorney fees to be subsequently determined by the court, as provided for in section 5, below. Payment of this consideration will be sent within 14 days of the signature of all parties upon this Agreement, with a check made out to Anderson Law of King County In Trust for Caren Dacumos.

**2.**  Patenaude & Felix also offers the following consideration for the full and final release provided for below.

   **a.**  Dismissal with prejudice of the collection action against Caren Dacumos in King County Cause No. 15-2-13622-4;

   **b.**  No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit.

**3.  Dismissal of Lawsuit:** Within seven calendar days of receipt of the payment described in paragraph 1, Plaintiff's counsel, with the cooperation of Defendant's counsel, shall file a Notice of Settlement with the Court, which advises the court that the Plaintiff's claims have been settled and that the Parties have agreed to have the court determine reasonable attorney fees prior to conclusion of the case.

**4.  Mutual Release:** All Parties hereby mutually release and forever discharge each other, and each and all of their directors, officers, members, partners, employees, servants, clients, attorneys, insurers, agents, and representatives, whether past and/or present, from any and all claims, cross-claims, counterclaims, demands, actions, causes of actions, debts, liabilities, rights, contracts, obligations, duties, damages, costs, requests for replacement, expenses, attorney's fees, expert fees, appeals, or losses of every kind or nature whatsoever that

5928899_1

1

he or she possesses, whether at this time known or unknown, pled or not pled, suspected or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, or which may presently exist and may hereafter become known, in law or in equity, in the nature of an administrative proceeding or otherwise, for or by reason of any event, transaction, matter, or cause with respect to, in connection with, arising out of, or relating to the Lawsuit.

**5. Attorneys' Fees and Costs:** Each of the Parties shall bear its own attorney fees and costs other than in relation to enforcement of this Agreement; except that Plaintiff's counsel shall move for reasonable attorney fees with the court and shall be paid what the court orders.

**6. Entire Agreement:** This Agreement constitutes the entire agreement between the Parties hereto with respect to settlement of the Lawsuit and release of the Parties, and supersedes all prior agreements, understandings, negotiations, and/or discussions, whether oral or written, of the Parties with respect to settlement of the Lawsuit and release of the Parties. There are no representations or agreements between the Parties in connection with respect to settlement of the Lawsuit and release of the Parties except as specifically set forth herein. No supplement, modification, waiver, or termination of this Agreement shall be binding unless executed in writing by the party to be bound thereby. No delay or omission on the part of either party in exercising any right shall operate as a waiver of such right or any other right. A waiver on one occasion shall not be construed as a bar to or waiver of any right on any further occasion.

**7. Governing Law:** The Parties hereby agree that the validity, construction, and interpretation of this Agreement shall be governed by the laws of the State of Washington.

**8. Binding Agreement:** This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, their representatives, parents, affiliates, subsidiaries, servants, attorneys, agents, insurers, experts, consultants, heirs, successors, officers, directors, partners, administrators, trustees, receivers, employees, executors, and assigns, and any legal or personal representative, whether past, present or future.

**9. Warranty of Authorization:** The undersigned persons warrant and represent that they have authority to enter into this Agreement and to bind the party who is represented by the signing person.

**10. Benefit of Counsel:** The Parties acknowledge that they have consulted with their respective attorneys of record herein concerning the terms of this Agreement, and have been fully advised by their respective attorneys with respect to the rights and obligations contained herein. The settlement which forms the basis of the Agreement has been arrived at after thorough bargaining and negotiation and represents a final agreement.

**11. Construction:** All Parties have been represented in the negotiation and preparation of this Agreement, and each party has had an opportunity to participate in the drafting to the extent that she or it desires. Accordingly, this Agreement shall be construed according to its plain meaning and not strictly for or against any party.

**12. Execution in Counterparts:** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile or photocopy signatures shall be binding as though original.

**13. Attorneys' Fees for Breach:** In any action that is brought upon to enforce this

5928899_1

PLAINTIFF 000217

Agreement, the prevailing party shall be entitled to recover its reasonable costs, including attorney fees, incurred to enforce the Agreement.

I HAVE COMPLETELY READ THIS RELEASE AND FULLY UNDERSTAND AND VOLUNTARILY ACCEPT IT FOR THE PURPOSE OF FINAL RESOLUTION AND SETTLEMENT OF ANY AND ALL CLAIMS, DISPUTED OR OTHERWISE, MADE AGAINST THE PARTIES BEING RELEASED FOR THE EXPRESS PURPOSE OF PRECLUDING FOREVER ANY OTHER CLAIMS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THE LAWSUIT ABOVE-MENTIONED, INSOFAR AS SUCH CLAIMS MAY BE MADE AGAINST THE RELEASED PARTIES, THEIR EMPLOYEES, AGENTS OR REPRESENTATIVES.

I ACKNOWLEDGE THAT MY INFORMATION REGARDING THE CLAIM MADE IN THIS MATTER IS SUFFICIENT TO ENTER INTO THIS RELEASE AND EXPRESSLY WAIVE ANY CLAIM THAT THIS RELEASE IS NOT FAIRLY AND KNOWINGLY MADE.

**SO AGREED:**

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge. IN WITNESS WHEREOF, I have caused this Settlement Agreement and Mutual Release to be executed this ___ day of June, 2016, at Seattle, Washington.

Dated: _____          _____
                                        Caren Dacumos

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge. IN WITNESS WHEREOF, I have caused this Settlement Agreement and Mutual Release to be executed this 17 day of June, 2016, at Seattle, Washington.

Dated: 6/17/16                          _____
                                        Matthew Cheung, on behalf of
                                        Patenaude & Felix, APC

5928899_1

PLAINTIFF 000218

Agreement, the prevailing party shall be entitled to recover its reasonable costs, including attorney fees, incurred to enforce the Agreement.

I HAVE COMPLETELY READ THIS RELEASE AND FULLY UNDERSTAND AND VOLUNTARILY ACCEPT IT FOR THE PURPOSE OF FINAL RESOLUTION AND SETTLEMENT OF ANY AND ALL CLAIMS, DISPUTED OR OTHERWISE, MADE AGAINST THE PARTIES BEING RELEASED FOR THE EXPRESS PURPOSE OF PRECLUDING FOREVER ANY OTHER CLAIMS ARISING OUT OF OR IN ANY WAY CONNECTED WITH THE LAWSUIT ABOVE-MENTIONED, INSOFAR AS SUCH CLAIMS MAY BE MADE AGAINST THE RELEASED PARTIES, THEIR EMPLOYEES, AGENTS OR REPRESENTATIVES.

I ACKNOWLEDGE THAT MY INFORMATION REGARDING THE CLAIM MADE IN THIS MATTER IS SUFFICIENT TO ENTER INTO THIS RELEASE AND EXPRESSLY WAIVE ANY CLAIM THAT THIS RELEASE IS NOT FAIRLY AND KNOWINGLY MADE.

**SO AGREED:**

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge. IN WITNESS WHEREOF, I have caused this Settlement Agreement and Mutual Release to be executed this __20__ day of June, 2016, at Seattle, Washington.

Dated: __6/20/2016__          _____
                              Caren Dacumos

I declare under penalty of perjury under the laws of the State of Washington, that the foregoing is true and correct to the best of my knowledge. IN WITNESS WHEREOF, I have caused this Settlement Agreement and Mutual Release to be executed this __17__ day of June, 2016, at Seattle, Washington.

Dated: __6/17/16__            _____
                              Matthew Cheung, on behalf of
                              Patenaude & Felix, APC