UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAREN ROSE DACUMOS,

Plaintiff,

v.

TOYOTA MOTOR CREDIT CORPORATION, *et al.*,

Defendants.

Case No. C17-0964 RSM

ORDER GRANTING MOTIONS TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendant Toyota Motor Credit Corporation's ("TMCC") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in which Defendant Patenaude & Felix, A.P.C. ("P&F") has also joined. Dkts. #59 and #61. Defendant TMCC seeks dismissal of all claims against it, while Defendant P&F seeks to dismiss some of the claims against it. Plaintiff opposes the motions. Dkt. #65. Having reviewed the record before it, and neither party having requested oral argument on the motions, the Court now GRANTS Defendants' motions for the reasons discussed herein.

## II. BACKGROUND

TMCC and two former Defendants removed the instant action to this Court on June 26, 2017. Dkt. #1. Plaintiff initially alleged violations of the FCRA and damages arising from the continued credit reporting of a charged off amount of a car loan that she co-signed. *Id.* Plaintiff

ORDER
PAGE - 1

also initially named Defendant TMCC as the creditor/furnisher and Defendants Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") as the credit reporting agencies. Dkt. #1-1 at ¶¶ 2.2-2.9.

After Defendant TMCC moved for judgment on the pleadings, which this Court granted, Plaintiff dismissed Equifax and Experian and filed an Amended Complaint. Dkts. #33, #45, #48 and #52. In the Amended Complaint, Plaintiff continues to name TMCC as the creditor/furnisher of the car loan at issue, and now names P&F as a Defendant. Dkt. #52 at ¶ 2.5. According to the Amended Complaint, TMCC hired P&F to file a lawsuit in the Superior Court of King County, Washington to collect an alleged unpaid vehicle loan account from Plaintiff. *Id.*

Plaintiff alleges the factual background to her claims as follows:

> 4.1 Plaintiff (hereinafter "Ms. Dacumos") co-signed a vehicle loan with Defendant TOYOTA MOTOR CREDIT CORPORATION (hereinafter "TMCC") for Melanthon Ibañez.
>
> 4.2 Thereafter, Mr. Ibañez defaulted on the loan.
>
> 4.3 TMCC sued Mr. Ibañez and Ms. Dacumos in *TMCC Motor Credit Corporation v. Melanthon Ibañez and Carenrose Dacumos*, King County Superior Court Case No. 15-2-13622-4 KNT.
>
> 4.4 TMCC and its lawyers, P&F, violated Ms. Dacumos's rights in the prosecution of 15-2-13622-4.
>
> 4.5 Ms. Dacumos brought a separate action against TMCC and P&F, entitled *Carenrose Dacumos v. Patenaude & Felix, A.P.C. and TMCC Motor Credit Corporation,* King County Cause No. 15-2-26288-2 SEA.
>
> . . .
>
> 4.7 Ms. Dacumos, TMCC, and P&F simultaneously resolved *all claims* and *both lawsuits* through a global release and settlement agreement ("settlement agreement"), attached hereto as **Exhibit A**.

| | | |
|---|---|---|
| 4.8 | | TMCC's counsel drafted the release and settlement agreement. |

. . .

| 4.10 | | Ms. Dacumos agreed to dismiss her lawsuit against TMCC and P&F in exchange for the following consideration: |
|---|---|---|
| | A. | TMCC dismissed its lawsuit, 15-2-13622-4 KNT, against Ms. Dacumos, *with prejudice*. *See*, **Ex. A**, p. 1, ¶ 2(a). |
| | B. | P&F paid Ms. Dacumos $5,000.00 for the damages P&F caused through its statutory violations. *See*, **Ex. A**, p. 1, ¶ 1. |
| | C. | Ms. Dacumos filed a motion for prevailing party costs and attorney's fees in her case against TMCC and P&F, 15-2-26288-2 SEA. *See*, **Ex. A**, p. 1, ¶ 3. |
| | D. | TMCC and P&F agreed to never again attempt to collect from Ms. Dacumos the debt at the heart of TMCC/P&F's debt collection lawsuit filed against Mr. Ibañez and Ms. Dacumos. *See*, **Ex. A**, p. 1, ¶ 2(b). |
| 4.11 | | TMCC and P&F were free to pursue Mr. Ibañez for the debt. |
| 4.12 | | However, as to Ms. Dacumos: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**." *See*, **Ex. A**, p. 1, ¶ 2(a). **Emphasis added**. |
| 4.13 | | On June 29, 2016, after the parties vigorously litigated Ms. Dacumos's claims against TMCC and P&F, and after the parties executed the release and settlement agreement, the King County Superior Court entered an Order of Dismissal With Prejudice of all TMCC's claims against Ms. Dacumos. *See*, 15-2-13622-4 KNT. |
| 4.14 | | This Order of Dismissal With Prejudice operates as a judgment on the merits of both King County cases. |
| 4.15 | | Ms. Dacumos reasonably understood the language of the mutual release and settlement agreement that P&F drafted to mean that TMCC was discharging Ms. Dacumos's liability for the |

|   |      | underlying account, and P&F would pay Ms. Dacumos damages, costs, and attorney's fees, in exchange for Ms. Dacumos dismissing her claims against TMCC and P&F. |
|---|------|---|

4.16 Ms. Dacumos reasonably believed that the language of the mutual release and settlement agreement, coupled with the two dismissals *with prejudice*, discharged Ms. Dacumos's liability for the TMCC account.

. . .

4.22 Despite its agreement that: "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**," TMCC continued to report to the credit reporting agencies that Ms. Dacumos owes $13,593.00, the exact amount "…that is the subject of this lawsuit."

4.23 TMCC asserts that it is simply reporting a debt that is "on its books."

. . .

4.38 Plaintiff therefore alleges that TMCC's credit reporting of "…**the debt that is the subject of this lawsuit**" as having a balance of $13,593.00, is an attempt to force Ms. Dacumos to pay TMCC $13,593.00.

4.39 TMCC is reporting that Ms. Dacumos owes TMCC $13,593.00, as a means of collecting "…**the debt that is the subject of this lawsuit**" from Ms. Dacumos.

4.40 Despite the parties' agreement that "**No further collection action shall be pursued, and no further lawsuit shall be brought, against Caren Dacumos by Toyota or Patenaude & Felix on the debt that is the subject of this lawsuit**," TMCC refuses to update what it reports to the credit reporting agencies to reflect that Ms. Dacumos owes $0.00 to TMCC.

4.41 As a result, in July 2016, TMCC reported the status of TMCC account number 7040********** as a Charge Off and that $13,593 was past due.

4.42 TMCC's reporting is erroneous because TMCC dismissed its debt collection lawsuit against Ms. Dacumos *with prejudice*,

ORDER
PAGE - 4

| | |
|---|---|
| | which operated as an adjudication on the merits of TMCC's claim, and resolved Ms. Dacumos's liability for the underlying debt in her favor. |
| 4.43 | TMCC's reporting is erroneous because the parties entered a written release and settlement agreement wherein TMCC discharged Ms. Dacumos's liability for "…**the debt that is the subject of this lawsuit**" as consideration in exchange for Ms. Dacumos dismissing her lawsuit against TMCC and P&F. |
| 4.44 | TMCC's reporting is erroneous because Ms. Dacumos's liability on the TMCC account was fully adjudicated on the merits where the parties vigorously litigated the case. |
| | . . . |
| 4.76 | Yet, despite the parties' release and settlement agreement, to this day TMCC insists that Ms. Dacumos owes TMCC $13,593. |
| | . . . |

Dkt. #52 at ¶ ¶ 4.1-4.76 (emphasis in original).

Plaintiff now brings claims against Defendant TMCC for an alleged violation of the FCRA (Claim 1), breach of contract (Claim 3), and an alleged violation of Washington's Consumer Protection Act ("CPA") (Claim 4). Dkt. #52 at ¶ ¶ 5.1-5.20, 7.1-7.45 and 8.1-8.26. TMCC moves for the dismissal of all of these claims with prejudice. Dkt. #59. Plaintiff brings claims against Defendant P&F for an alleged violation of the FCRA (Claim 2), breach of contract (Claim 3) and an alleged violation of the CPA (Claim 4). Dkt. #52 at ¶ ¶ 6.1-6.11, 7.1-7.45 and 8.1-8.26. P&F moves for the dismissal of Claims 3 and 4 against it. Dkts. #61 and #67 at 2.

### III. DISCUSSION

#### A. Standard of Review

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.

ORDER
PAGE - 5

1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the complaint, the Court may consider documents for which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Here, the Court has taken judicial notice of, and considers herein, Exhibit A-C attached to Defendant TMCC's Request for Judicial Notice. *See* Dkt. #60. The Court agrees that judicial notice is appropriate because the documents presented are all matters of public record, having been filed in the King County Superior Court. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Further the Court considers Exhibit A to the Amended Complaint. The Court will not consider any other document outside of the Amended Complaint.

**B. Plaintiff's Amended Complaint**

*1. Request to Convert to Summary Judgment*

As an initial matter, the Court addresses Plaintiff's request that this Court convert the instant motion into one for summary judgment and then continue the motion while Plaintiff completes discovery. Dkt. #65 at 13-15. The Court denies that request for several reasons. First, the Court need not consider additional materials outside of the Complaint or beyond those documents of which it takes judicial notice to resolve the issues raised on these motions. Second,

ORDER
PAGE - 6

a request for additional time to conduct discovery requires the non-moving party to "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. . . ." Fed. R. Civ. P. 56(d). Plaintiff has failed to submit such a declaration or affidavit. Third, Plaintiff asserts in her own opposition to these motions that the Court need not go beyond the four corners of the settlement agreement to resolve the issues presented. Dkt. #65 at 11. Therefore, the Court declines to convert these motions to dismiss to those for summary judgment.

   *2. Settlement Agreement*

The Court now turns to the claims made by Plaintiff in her Amended Complaint. In her First Cause of Action, Plaintiff alleges that TMCC's continued reporting of a $13,593 balance owed violates FCRA because it is inaccurate. Dkt. #52 at ¶¶ 5.1-5.20. Plaintiff alleges that the amount is inaccurate because a global settlement agreement resolved any claims for liability against her and therefore she no longer owes the debt, so TMCC should be reporting a $0 balance. *Id.* Plaintiff's Third Cause of Action for breach of contract rests on essentially the same allegations. *Id.* at ¶¶ 7.1-7.45. Defendant TMCC moves to dismiss these claims, arguing that Plaintiff misunderstands the effect of the settlement agreement and that the Court has previously dismissed a portion of the FCRA claim with prejudice. Dkt. #59 at 3-8. Thus, the Court first examines the settlement agreement on which these claims rely.

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wash. App. 707, 712 (1995). Washington courts follow the "objective manifestation theory" in determining the meaning of a contract and the duties it imposes, and therefore focus on the reasonable meaning of the contract language to determine

ORDER
PAGE - 7

the parties' intent, rather than on unexpressed subjective intentions. *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503 (2005); *Grey v. Leach*, 158 Wash. App. 837, 850 (2010). Plaintiff argues that the plain meaning of the settlement agreement involving the parties to this case unambiguously resolved the claim that Toyota is now credit reporting. Dkt. #65 at 8. Plaintiff further argues that the agreement evidences an intention to fully resolve all claims and leaves TMCC with no right to claim $13,593 from Ms. Dacumos. *Id.* Thus, Plaintiff asserts that no reasonable interpretation of the settlement agreement would permit TMCC to continue collecting the debt via credit reporting it as an active, unpaid obligation. Dkt. #65 at 8-9. The Court disagrees with Plaintiff.

First, the Settlement Agreement was between Plaintiff and P&F only, and not TMCC. Dkt. #52, Ex. A at 1. Second, while P&F agreed that TMCC would pursue no further collection action or lawsuit against Plaintiff, this was consideration P&F offered in exchange for a mutual release and dismissal of Plaintiff's lawsuit against P&F. *Id.*, Ex. A at ¶ 2. Thus, there is no contract with TMCC that could be breached. *FDIC v. Uribe*, 171 Wn. App. 683, 697 (2012) ("A contract is formed when there is an offer, an acceptance, and consideration.").

Plaintiff argues that the mutual release provision of the settlement agreement makes clear that TMCC was discharging any liability for the loan. Dkt. #65 at 8-9. Plaintiff asserts:

> The plain meaning of the "Mutual Release" discharged Plaintiff's liability for the $13,593 Toyota account. Plaintiff's liability to Toyota is zero. Therefore, to be "accurate," Toyota must report that Plaintiff owes Toyota "$0.00."

Dkt. #65 at 9.

Plaintiff misinterprets that provision. The mutual release states:

> 4. Mutual Release: All Parties hereby mutually release and forever discharge each other, and each and all of their directors, officers, members, partners, employees, servants, clients, attorneys, insurers, agents, and representatives, whether past and/or present, from any and all claims, cross-claims,

ORDER
PAGE - 8

> counterclaims, demands, actions, causes of actions, debts, liabilities, rights, contracts, obligations, duties, damages, costs, requests for replacement, expenses, attorney's fees, expert fees, appeals, or losses of every kind or nature whatsoever that he or she possesses, whether at this time known or unknown, pied or not pied, suspected or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, or which may presently exist and may hereafter become known, in law or in equity, in the nature of an administrative proceeding or otherwise, for or by reason of any event, transaction, matter, or cause with respect to, in connection with, arising out of, or relating to the Lawsuit.

Dkt. #52, Ex. A at ¶ 4. This provision plainly constitutes an agreement to release *each other's* clients. Plaintiff agreed to release all claims against P&F's clients (which may include TMCC), not vice versa. Because the only promisors in the Mutual Release are P&F and Plaintiff, and because TMCC is not a party or signatory to the Settlement Agreement, the Settlement Agreement does not operate to discharge Plaintiff's debt balance.

Likewise, Plaintiff's breach of contract claim fails because it is based on Plaintiff's flawed assertion that the Settlement Agreement operated to discharge the $13,593 loan balance. As already explained, the Settlement Agreement was not a mutual release of claims between Plaintiff and TMCC as alleged. Moreover, Plaintiff did not "dismiss[] her lawsuit against TMCC" as "consideration" for TMCC's discharge of her debt as alleged. *See* Dkt. #52 at ¶ 4.43. As evidenced by the court orders in Plaintiff's state court action, the King County Superior Court granted TMCC's Motion for Summary Judgment and dismissed TMCC with prejudice before Plaintiff entered into the Settlement Agreement with P&F. Dkt. #60, Exs. A, B and C. Accordingly, the stipulated dismissal of Plaintiff's state court action dismissed P&F only, as TMCC was no longer a party to that action. *Id.*

Plaintiff also contends that TMCC breached Paragraph 2.b. of the Agreement by reporting Plaintiff's loan balance as $13,593.00 instead of $0. *See* FAC ¶ 4.22. That paragraph does not waive or discharge the $13,593.00 loan balance as to Plaintiff. Further, that paragraph is silent

ORDER
PAGE - 9

about credit reporting. Dkt. #52, Ex. A at ¶ 2.b. Instead, that paragraph simply states that both P&F and TMCC will cease any collection efforts against Plaintiff and will not file any lawsuits against her for that debt. Defendants have complied with that provision. Neither has continued collection efforts and neither has filed a further lawsuit pertaining to that debt.

Finally, to the extent that Plaintiff attempts to reassert her theory that the dismissal of TMCC's collection action discharged her liability for the debt, this Court has already rejected that theory and dismissed any claim based on that theory with prejudice. Dkt. #33. Specifically, this Court has already determined that the state court order of dismissal does not preclude TMCC from reporting a charged off debt, and does not require it to report a $0 balance. Dkt. #33 at 6-9. For all of these reasons, Plaintiff's First and Third Causes of Action against TMCC and Third Cause of Action against P&F must be dismissed.

   3. *CPA Claim*

Defendants next move to dismiss Plaintiff's CPA claim. Dkts. #59 at 8-10 and #61. Plaintiff has failed to respond to that portion of the motions. *See* Dkt. #65. Pursuant to this Court's Local Civil Rules, "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court considers Plaintiff's failure to respond to be such an admission in this case. Moreover, Plaintiff's CPA claim is based on the allegation that Defendants' breach of contract constitutes a violation of the CPA. *See* Dkt. #52 at ¶¶ 8.1-8.26. The Court has rejected Plaintiff's breach of contract claim as discussed above. The Court also agrees, for the reasons set forth by TMCC in its motion, that Plaintiff fails to allege facts sufficient to support the elements of a CPA claim, and particularly the assertion that Defendants

engaged in unfair or deceptive practices affecting the public interest. *See* Dkt. #59 at 9-10. Accordingly, Plaintiff's Fourth Cause of Action against TMCC and P&F must be dismissed.

## C. Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). In this case, the Court concludes that granting leave to amend the dismissed claims would be futile. The Court can conceive of no possible cure for the deficiencies in Plaintiff's Amended Complaint as to those claims, particularly given the invalidity of Plaintiff's arguments as discussed above and the fact that Plaintiff has previously been granted leave to amend her claims. Accordingly, leave to amend Plaintiff's First, Third and Fourth Causes of Action will not be granted.

## IV. CONCLUSION

Having reviewed Defendants' motions to dismiss, Plaintiff's opposition thereto and the replies in support thereof, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendant TMCC's Motion to Dismiss (Dkt. #59) is GRANTED without leave to amend. Plaintiff's First, Third and Fourth Causes of Action against it are DISMISSED with prejudice.

2) Toyota Motor Credit Corporation shall be DISMISSED as a Defendant to this action.

3) Defendant P&F's joinder in TMCC's Motion to Dismiss (Dkt. #61) is GRANTED. Plaintiff's Third and Fourth Causes of Action against it are DISMISSED without leave to amend and with prejudice.

4) Plaintiff's Second Cause of Action against P&F was not the subject of these motions and remains pending.  <u>This matter shall proceed on that claim only</u>.

DATED this 3rd day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE